Martin Schenck, J.
The defendants moved for suppression of certain items of evidence, the alleged wrongful possession of which is the subject of their indictment under section 1308 (subd. 1, par. a) of the Penal Law (“Buying, receiving, concealing or withholding stolen or wrongfully acquired property ”).
A hearing was conducted in the course of which it appeared that the defendants and a third party were riding in an automobile operated by the defendant Coleman which a police officer perceived to be speeding in the City of Albany. The officer, alone in a patrol car, pursued and eventually overtook the vehicle in which the defendants were riding. He arrested the defendant Coleman and charged him with several traffic violations. In the process of arresting Coleman he also arrested the defendant Tucker and charged him with the offense of disorderly conduct because of his actions when the officer stopped the vehicle on a busy street in downtown Albany. It does not appear that the other passenger in the automobile was arrested or that any charge was placed against him.
Thereafter the defendants Coleman and Tucker were taken to the appropriate division police station. Another officer picked up the keys to the vehicle in which the defendants had been riding and drove that automobile to the police garage. It does not appear precisely how the keys came into the possession of *223 that officer except that there was testimony that they were dropped on the sidewalk near the automobile. In any event, it seems clear that the keys were not voluntarily surrendered to any policeman by either defendant or that either defendant gave ■ the authorities consent to take possession of or search the automobile. At the police garage the officer, with the use of the keys that he had picked up at the scene of the arrest, opened the trunk of the car and found certain property including some adding machines that had been stolen in the City of Albany some time before. At the time that the trunk was opened in this manner the officer had received information that this was not a stolen automobile even though it was not registered in the name of either defendant. Apparently a check of the registration and ensuing investigation indicated that the owner had loaned it to the defendant Coleman. The defendants now contend that the opening of the trunk was an illegal search and that the property found therein was illegally seized. There was concededly no search warrant.
The doctrine has been well established for some time that the Fourth Amendment to the Constitution of the United States applies to automobiles. It is further well established that an 1 ‘ incidental search ’ ’ is limited to fruits and instrumentalities of the crime for which the arrest was made. Here the charge against one defendant was for a violation of the Vehicle and Traffic Law and against the other for disorderly conduct. The controlling authority on this point of law is Preston v. United States (376 U. S. 364). It was there squarely held (p. 367) that ‘ ‘ once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest ”. The basis for a search without a warrant must be upon the ground that it was incident to a lawful arrest, that the officer had reasonable grounds for believing that a crime had been committed, and that the fruits thereof were in the possession of the defendant. In the case before us it is obvious that the search was not incidental to the arrest. The suppression hearing indicated, furthermore, that the police had no grounds to believe that the defendants had committed a crime and, in fact, they were not even under suspicion in that respect. Under the Preston decision, therefore, it would follow that the search without a warrant was illegal and that the evidence produced by that search must be suppressed.
The District Attorney, however, has argued that a line of cases that have been decided since Preston is having the effect of “ eroding ” the Preston decision as a cut-and-dry authority that a search of an automobile cannot be made without a warrant *224 following an arrest for a traffic violation even if, as here, the search was in no way incident to the arrest.
In this connection there was cited the recent case of Cooper v. California (386 U. S. 58). There the defendant was arrested charged with a narcotic offense and his automobile was seized pursuant to a provision of California law requiring any officer making an arrest for a narcotic violation to seize any vehicle used in connection with the transportation or possession of narcotics. The Supreme Court held that a search of the automobile a week later, while the vehicle was in police custody, was proper. The defendant was convicted at a trial in which evidence obtained through a search of his automobile was received. The court held (p. 61) that the “ subsequent search of the car * * * was closely related to the reason petitioner was arrested ”. The California law authorizing seizure of an automobile and a search thereof under the circumstances was upheld. The dissenting opinion, in which four Justices concurred, argued that the effect of the majority opinion in Cooper was to overrule Preston. This appears to be the position taken by the District Attorney in the instant case, but it was not the view of the majority of the court in Cooper. Accordingly, for the purposes of the case now before us, Preston must still be regarded as the Supreme Court’s view of searches and seizures in automobiles, at least as regards automobiles coming into the possession of the police on the basis of an arrest for a traffic offense.
In People v. Montgomery (21 A D 2d 904) the defendant was arrested while operating an automobile and the vehicle was immediately taken to the station house where it was searched. He was charged with illegal possession of a dangerous weapon, some guns being found in the vehicle. The court held that the search at the police station was merely a continuation of the search instituted at the time and place of a lawful arrest. The court held that this search was ‘ ‘ incidental to and contemporaneous with a lawful arrest ” and that the guns discovered by the search were properly received in evidence. That case is obviously distinguished from the case before us because the arrest there was for the crime of possessing a dangerous weapon which was the fruit of the search. It would seem under the authority of Montgomery that if the present defendants had been arrested following pursuit from the scene of a burglary or under some similar circumstances pursuant to which the police had reasonable grounds to believe that they had the fruits of the burglary concealed in their car, a search incidental to the arrest would have been legal even though it might have been made at the police garage after the defendants were taken into custody. *225 As appears from the Cooper opinion (supra), there must at least be a relationship between the crime for which the arrest is made and the fruits thereof that are found in the automobile.
In People v. Moschitta (25 A D 2d 686) the court carefully distinguished the facts from Preston. In Moschitta the defendant was permitted to drive his automobile to the police station after his arrest. The court held that he thus retained control of it until it reached the place where the search was made. An additional justification for the search without warrant under the facts of Moschitta was stated by the court to be that, during the trip to the police station, the defendant was observed 1 ‘ making suspicious movements which indicated that he might be secreting a weapon or an item of evidence within the car ”. The court went on to hold ‘ ‘ the legality of a search without a warrant turns upon the reasonableness of the search under all the circumstances ’ \ Again, the distinction found by the court in Moschitta as against Preston is not found here where the arrest was merely for a traffic violation.
Finally, the People attempt to argue that the search was legal on the theory that the automobile was taken into custody by the police for the protection of the lawful owner thereof rather than permitting it to remain on a public street while the defendants were taken to the police station. In this connection there is cited People v. Manzi (21 A D 2d 57). In that case some detectives saw three men kick in a window of a station wagon and ‘ ‘ explore the interior ’ ’. They thereupon arrested them and took from the ear certain items of personal property in order to protect it and safeguard it because it was exposed to possible theft following the breaking of the window. The property was thereafter found to have been stolen. The owner of the automobile was subsequently arrested and the First Department held that his motions to suppress the seized evidence were properly denied. The facts of that case are, of course, somewhat unusual because there was involved an attempt to steal the property that itself was the subject of a previous crime. The distinction, however, remains obvious as far as the instant case is concerned because here we have the opening of a trunk, whereas in Mansi the police officers themselves observed the attempt of third parties to steal the property that was later the subject of evidence against the owner of the station wagon. It would seem that Mansi comes quite close to contravening the principles subsequently enunciated in Preston. Whether or not Preston is deemed to overrule Mansi, the factual distinction is sufficient to constrain this court to apply the Preston doctrine here.
*226 It might he noted that if the police had any reasonable grounds to justify a search of the automobile in which these defendants were riding they could easily have obtained a search warrant. The fact that they had no such grounds establishes the illegality of the search. This is a classic situation of apparent ‘ immunity ’ ’ from successful prosecution being given by the Fourth Amendment to persons accused of crime. The frequently heard charge might be made that the ‘ ‘ hands of the police were tied ’ ’. In rebuttal to such lay criticism, however, it is repeated that if the police had any degree of reasonable grounds for suspecting the defendants of crime and believing the fruits to be in the automobile they could have proceeded with the authority of a warrant as authorized by the Constitution. The motion to suppress is, therefore, granted.