Frank P. De'Luca, J.
As a result of a G-rand Jury indictment a police officer apprehended the defendant and advised him of such indictment and placed the defendant under arrest on the District Attorney’s warrant.
Keys were obtained from the defendant while he was handcuffed and without a warrant the police officer made a search of the automobile operated by the defendant and found a capsule containing a dangerous drug. In an information laid against the defendant the officer charged the defendant with criminal possession of a dangerous drug in the fourth degree, a violation of section 220.05 of the Penal Law of the State of New York.
Section 3353 of the Public Health Law provides for the seizure and forfeiture by a peace officer of a vehicle “ which has been or is being used ” to either transport or conceal a narcotic drug. The seized vehicle is delivered by the peace officer having made the seizure to the custody of the District Attorney, who is then required to inquire into the facts of the seizure. If it appears probable to the District Attorney from the facts reported to him that the vehicle has been used to transport or to conceal a narcotic drug, then he must proceed to obtain a judicial determination of forfeiture, upon notice to the owner of the vehicle who then, in order to avoid forfeiture, must establish by a preponderance of the evidence that either the vehicle was not intentionally used to conceal or transport the narcotic drug, or that the vehicle was used by a person other than the owner to transport or conceal the narcotic drug.
This statute does not, as a prerequisite to seizure by the police officer in the first instance, require any judicial determination that the vehicle has been used to conceal or transport a narcotic drug, nor does it prescribe the existence of any special circumstances which must attend the seizure, whether as an incident to an arrest or within a reasonable time after the interdicted act, or upon consent.
*554 The question presented here is whether the search of the seized automobile was reasonable under the Fourth Amendment.
In Cooper v. California (386 U. S. 58) the vehicle was not seized as an incident to an arrest. The vehicle, which evidence showed had been used to carry on the defendant’s narcotics possession and transportation, was impounded by the officers under a statute which provided that any officer making an arrest shall seize and deliver to the State Division of Narcotic Enforcement any vehicle used to store, conceal or transport narcotics, such vehicle “to be held as evidence until a forfeiture has been declared or release ordered.” (Cal. Health and Safety Code, § 11611; emphasis supplied.)
The lower court had held that the State forfeiture statute did by clear and express language authorize to search the defendant’s car and that lawful custody of an automobile does not of itself dispense with constitutional requirements of searches made of it. As to these holdings, the United States Supreme Court said (pp. 61-62): “ The question here is not whether the search was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment. Just as a search authorized by state law may be an unreasonable one under that amendment, so may a search not expressly authorized by state law be justified as a constitutionally reasonable one. While it is true as the lower court said, that ‘ lawful custody of an automobile does not of itself dispense with constitutional requirements of searches thereafter made of it, ’ * * * the reason for and nature of the custody may constitutionally justify the search. * * * Here the officers seized petitioner’s car because they were required to do so by state law. They seized it because of the crime for which they arrested petitioner. They seized it to impound it and they had to keep it until forfeiture proceedings were concluded. Their subsequent search of the car — whether the State had ‘legal title ’ to it or not — was closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained. The forfeiture of petitioner’s car did not take place until over four months after it was lawfully seized. It would be unreasonable to hold that the police, having to retain the car in their custody for such a length of time, had no right, even for their own protection, to search it. It is no answer to say that the police could have obtained a search warrant, for ‘ the relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.’ ”
*555 The court held that under these circumstances the search of the automobile was reasonable.
As in Cooper v. California (supra) the search of the car, after it was seized to be impounded, was closely related to the reason defendant was arrested under the warrant, namely, for the sale of narcotics, and closely related to the reason defendant’s car had been impounded and the reason it was being retained. The fact that the State did not obtain legal title to the car by forfeiture proceedings, prior to the search, does not under the authority of Cooper v. California (supra) render the search unreasonable.
Accordingly, motion to suppress is denied.
This matter is set down for trial in the Jury Trial Part of this court, One Old Indian Head Road, Commack, New York, on February 24, 1969, at 9:30 o’clock a.m.