William Raymond SMITH, Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 12357.

United States Court of Appeals
Fourth Circuit.

Argued May 7, 1969.

Decided July 29, 1969.

Louis M. Natali, Jr., Philadelphia, Pa. (court-appointed counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia, (Robert Y. Button, Atty. Gen., of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

Without a hearing in the District Court, this state prisoner was denied a writ of habeas corpus. We find that rejection of two of his claims was proper, but we think the third necessitated a hearing.

In his appeal petitioner alleges three constitutional violations: (1) the identification process employed after petitioner's arrest violated due process of law; (2) petitioner's trial counsel was ineffective in that he failed to challenge the voluntariness of petitioner's statements; and (3) the admission into evidence of a bloodstained seat cover, taken from petitioner's car without a search

warrant, violated the Fourth and Fourteenth Amendments.

█ We find no merit in petitioner's first and second claims. The corporal and voice identifications took place on September 22, 1964, prior to United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, which has no retroactive application. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. From a review of the record and study of a photograph of the line-up, we find no evidence of any prejudice to petitioner. He was not dressed in any manner nor required to perform any act that might cast suspicion on him or suggest to the identifying witnesses that he was the suspect.

█ With respect to the second claim, the record clearly reveals that the statements made by petitioner were voluntary. The defense lawyer's failure to object to their admission presents no constitutional question.

The District Court rejected the third claim on the ground that available state remedies had not been exhausted. It also expressed the opinion that the search of the automobile after Smith's arrest was within the principle of Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed. 2d 730. On this record, we cannot justify dismissal on either of the stated grounds.

It is true, as the District Court stated, that the question of the search of the automobile was not "sufficiently explored in the state habeas corpus proceeding." It was not explored at all in the trial itself, for the only objection to admission of the seat cover was on the ground of irrelevance. Nevertheless, the state habeas judge felt the Virginia Supreme Court of Appeals must have passed upon the question, because of its familiarity with Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, despite the fact the brief raised only the non-constitutional question of relevancy.[1] It was for that reason the state habeas judge probed no more deeply and made no findings.

It is also true, however, that the point was raised in the state postconviction proceeding. The fact that the state habeas judge, out of a sense of deference to the highest court of his state, declined to rule upon it, is in no sense a failure by Smith to raise the question. He did raise it, and it was rejected. The rejection was not on the merits, of course, but the exhaustion of remedies doctrine does not require that Smith file successive petitions in the state courts until one comes before a judge inclined to disagree with the first habeas judge. It would be highly unlikely that he could ever find such a judge, for Virginia's Supreme Court of Appeals denied leave to appeal in the postconviction proceedings.[2]

█ Since Smith clearly made the contention in the state postconviction proceedings, we conclude that dismissal of the petition cannot be supported on exhaustion of remedies grounds.

Nor do we think that dismissal of the petition can be sustained on the ground that Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, applies and shows the propriety of the seizure and search of the seat cover. In *Cooper,* as in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, the automobile had been placed in a garage by the police. In *Preston* the placement of the vehicle in the garage was only for protection of the automobile and in the interest of the defendant, and a warrantless search was held invalid. In *Cooper,* however, the automobile had been impounded and was being held by the

1. Of course the Virginia Supreme Court of Appeals is familiar with Mapp v. Ohio, but that court well may have assumed from the absence of any objection by counsel and of any contention on appeal that the search was abundantly justified by the circumstances, making objection purposeless.

2. This may indicate that the Supreme Court of Appeals did consider the *Mapp* question in the direct appeal, as the state habeas judge said. In that event, however, the contention has been rejected on the merits by Virginia's highest court, and Smith's state court remedies are clearly exhausted.

police for forfeiture to the United States because of its use in transporting contraband. The police had a possessory interest in the automobile in *Cooper* and the warrantless search was held in keeping with constitutional requirements.

· In this case, Smith's station wagon was simply parked upon the street. It had not been impounded by the police. They had not seized it, and they had no possessory interest in it. The dichotomy between *Preston* and *Cooper*, therefore, is largely irrelevant to the question here. The governing principles instead are to be found in those cases dealing with searches and seizures of vehicles moving or parked on the streets.

Because of the paucity of the factual information in this record, as the District Judge noted, we find it difficult to apply the relevant principles and a discussion of them seems now inappropriate. We know only that Smith traded the vehicle he owned at the time of the murder for another, that the police were looking for the substitute vehicle, that Smith furnished false and misleading information about its whereabouts and that a policeman discovered it parked on the street, opened the door and seized the rolled up seat cover. The seat cover had been removed from the other vehicle and it was stained with substances, some of which were identified as blood, though the expert could not say that it was human blood, much less blood of the type of the murder victim.

Before passing on the legal question, it would certainly be highly relevant to know why the police were interested in the substitute or newly acquired automobile, what they thought it contained and the directions their enhanced suspicions took when Smith sought to mislead them. It would be very useful to know whether the officer who seized the seat cover was looking for it or for something else and, if he was looking for it, whether he saw it from outside the car before he opened the door, or, looking for something else, saw it from outside the car and recognized it as one coming from the previously owned automobile.

The answer will be in y full development of the officer's information, his purposes and the details of his actions at the time of the seizure.

■ Because of these deficiencies in the record as a result of the fact that no court has really explored the question, as the district court observed, dismissal of the petition as to the third claim will be vacated and the case remanded for further proceedings in the district court, since state remedies have been exhausted. Dismissal of the petition as to the first two claims is affirmed.

Affirmed in part; vacated and remanded in part.