**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juan Jose QUINTANAR–MUNOZ,**
**Defendant-Appellant.**

**No. 25277.**

United States Court of Appeals, Ninth Circuit.

July 10, 1970.

Certiorari Denied Dec. 21, 1970.

See 91 S.Ct. 377.

John R. Sheehan, (argued), Los Angeles, Cal., for appellant.

Eric Nobles (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and THOMPSON, District Judge.*

CHAMBERS, Circuit Judge:

Quintanar-Munoz has been convicted of smuggling hashish into the United States from Afghanistan. No presumption of its origin was needed.

On appeal, of the points asserted, only one is of significance: Was there an illegal search of defendant's automobile shortly after his arrest? In the search, letters to the defendant were found. Later the letters were offered and received in evidence. These tightened

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

the case on defendant. We hold they were properly obtained.

There had been events at the checking area which demonstrated that something was probably being smuggled, possibly hashish. The unarmed customs checkers at the processing area, knowing that they probably had a case against defendant because of a false bottom in the trunk and the discovery of foreign substances imbedded within slippers, let him carry the trunk to his station wagon. The officers had summoned an armed inspector, who regularly makes arrests. The officers (including the armed one who arrived at the counter area after the defendant had left with the trunk) caught up with the car and defendant in the parking lot. He let them complete the search. The arrest was made and the car impounded in probable contemplation of forfeiture.

After the seizure of the car, it was searched and the incriminating letters found.

▆▆▆ The right to continue the inspection in the parking lot would seem clear. When the officers found the contraband, they had a right to seize. After lawfully seizing the car, they had a right to search the contents of the car. We rely on Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730. Although state statutes were involved in Cooper, the situations of Cooper and Quintanar-Munoz are indistinguishable in principle.

We might have a different case, if we could say the sequence was a ruse of the agents, but we cannot say so on the record here. Inasmuch as the trunk was consigned to another in care of the defendant, it was a good idea to let him exercise a little more dominion over the contraband. Further, dealing with this type of smuggling, it was wise to await the arrival of an armed officer to make the arrest.

When the facts in another case show a pure ruse, we can rule on it at the time.

Judgment affirmed.