Chief Judge Fuld (dissenting).
The gun, found in a closed briefcase in the defendant’s rented automobile, was the product of an unlawful search. Its use as evidence, therefore, was properly suppressed by the courts below.
A search is no less a search, a seizure no less a seizure, because termed an “ inventory.” We certainly are not concluded by the label assigned to a police procedure, nor should we, the Supreme Court reminds us, attribute ‘ ‘ too much significance to an overly technical definition of ‘ search ’ ”. (Terry v. Ohio, 392 U. S. 1, 17-18, n. 15.) Moreover, it is clear that a search and seizure *78 may not be justified and sustained as reasonable on the ground that “ the police [were] not seeking evidence of crime ” (opn., p. 71) or that the defendant had, by parking his vehicle in a “ tow-away ” zone, “ abandoned ” it or “ consented ” to a search of its contents (opn., p. 72).
It may not seriously be disputed that the inventory conducted by the police involved a substantial intrusion into the defendant’s privacy. (See, e.g., People v. Granese, 32 A D 2d 568; Mozzetti v. Superior Ct., 4 Cal. 3d 699; Williams v. United States, 412 F. 2d 729, 734-735 [5th Cir.]; Brett v. United States, 412 F. 2d 401, 406 [5th Cir.]; Dodge v. Turner, 274 F. Supp. 285, 291 [D. C., Utah]; Mayfield v. United States, 276 A. 2d 123.) As the California high court recently declared in the Mossetti case, in which the defendant’s auto was impounded and inventoried (4 Cal. 3d, at p. 706),
“ Regardless of professed benevolent purposes and euphemistic explication, an inventory search involves a thorough exploration by the police into the private property of an individual. In that process suitcases, briefcases, sealed packages, purses — anything left open or closed within the vehicle — is subjected without limitation to the prying eyes of authorities. Merely because the police are not searching with the express purpose of finding evidence of crime, they are not exempt from the requirements of reasonableness set down in the Fourth Amendment. Constitutional rights may not be evaded through the route of finely honed but nonsubstantive distinctions.” (Emphasis supplied.)
And at least one Federal Court of Appeal has reached a similar conclusion. (See, e.g., Williams v. United States, 412 F. 2d 729, supra; Brett v. United States, 412 F. 2d 401, supra.) In the Williams case, for instance—in which the police, after arresting the defendant for vagrancy, impounded and then searched his automobile pursuant to a “ police policy to inventory all impounded cars ” — the Court of Appeals for the Fifth Circuit stamped the “ inventory ” as an impermissible search and suppressed several stolen articles found in the vehicle. In the course of its opinion, the court wrote (412 F. 2d, at pp. 734-735):
“ In the case at bar, the official reason for arrest was vagrancy, the reason for impounding the car was that it had been abandoned and was probably stolen, and the *79 reason for the search was that the police had a policy of searching all impounded cars. As in Preston [376 U. S. 364], there was no particular relationship between the reason for arrest, the reason for taking the car in custody, and the reason for the search. * * * This policy of making a general search was not specifically related to the reason the car was impounded and, as we interpret the cases, will not pass muster.” (Emphasis supplied.)
It is, however, urged that, in searching the auto and taking an inventory, the police are but ‘ ‘ pursuing precautions * * * for the benefit of the absent owner of the vehicle and as a safeguard against claims of loss or damage which could be alleged against the city ” (opn., p. 71). Such an argument may not be relied upon to justify a blatant invasion of an individual’s privacy. As Justice Mosk observed in his opinion for the California Supreme Court in Mozzetti (4 Cal. 3d 699, 707, supra), “ When subjected to analysis, this rationale for the search and seizure is superficial and without substantial merit in an area of constitutional protection.” In the present case, all the precautions necessary had been pursued: the defendant’s automobile was towed from where it had been parked directly to a guarded police facility and there it remained—undoubtedly with its doors and windows locked—under the sole custody and control of the police. It seems quite obvious that nothing was to be gained by the further tactic of a police inventory of the car’s contents. The precautions taken, without more, not only safeguarded the auto but protected the police and the city against false claims of loss of, or damage to, its contents. What the People overlook in pressing their position is the automobile owner’s countervailing interest in preserving the privacy of his personal effects and preventing anyone, including the police, from searching briefcases, or other closed containers and areas in his auto, when it is removed to a garage or other police facility. In other words, the authority to tow away and impound the vehicle does not entitle law enforcement officers to conduct a warrantless search of its contents.
Neither Cooper v. California (386 U. S. 58) nor the other decisions cited by the court in its opinion herein should require a different conclusion. Indeed, most of the cases, it seems to me, are readily distinguishable. The opinion in Cooper itself makes *80 this clear. In that case, as the Supreme Court itself pointed out (p. 61),
“ the officers seized petitioner’s car * * * because of the crime for which they arrested [him]. * * * Their subsequent search of the car * * * was closely related to the reason petitioner was arrested, the'-reason his car had been impounded, and the reason it was being retained.” (Emphasis supplied.)
In the present case, there was no particular relationship between the reason for taking the car in custody, the reason for impounding it and the reason for the search. Consequently, the court’s statement in Cooper (386 U. S., at p. 61), that “ ‘ lawful custody of an automobile does not of itself dispense with constitutional requirements of searches thereafter made of it ’ ’ ’, takes on added significance. (See, also, Preston v. United States, 376 U. S. 364; Williams v. United States, 412 F. 2d 729, 732-735, supra; cf. Coolidge v. New Hampshire, 403 U. S. 443, 454-458.)
In short, the inventory conducted by the police was a general, indeed unlimited, search of a car which should not be tolerated. Although the defendant may undoubtedly merit the punishment provided by law for possessing a gun without a license, “ I venture ”, as I declared in dissent in People v. Rivera (14 N Y 2d 441, 452-453), “ that it is better that he go free than that we sanction a significant inroad on the rights of * * * our citizens.”
I would affirm the order appealed from.
Judges Scileppi, Bbeitel, Jasen and Gibson concur with Judge Bebgan ; Chief Judge Fuld dissents and votes to affirm in a separate opinion in which Judge Bubke concurs.
Order reversed, etc.