■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS H. HERMESCH and JAMES C. MACNER, Appellants.—Appeals by defendants from two judgments (one as to each defendant) of the County Court, Putnam County, both rendered November 12, 1974, convicting them of criminal possession of a controlled substance in the sixth degree, upon pleas of guilty, and imposing sentence. The appeals bring up for review an order of the same court, entered July 12, 1974, which denied defendants' motion to suppress physical evidence after a hearing. Order and judgments reversed, on the law, motion to suppress granted, and indictment dismissed. At the hearing on the motion to suppress, a Town of Carmel police officer testified that upon responding to a call with regard to a suspicious vehicle on Thanksgiving Day, 1973, the police found a camper truck with Texas license plates parked on vacant land in an area of predominantly summer homes. There was no one in the front of the truck or in the area and the rear door was partially open. From his position outside, the police officer saw an unregistered motorcycle and the corner of a package wrapped in brown paper protruding from under a canvas cover inside the truck. The officer opened the door fully and removed the package. Once in his hand, he saw the impression of seeds and stems on the brown paper; he opened one end

and found marijuana. Notwithstanding its findings that the vehicle had not been abandoned and that the officer lacked probable cause, the court denied the motion to suppress on the basis of the officer's right to investigate or, alternatively, on the plain view exception. On the record, the officer's intrusion into the vehicle and removal of the package cannot be justified on any theory. The plain view exception permits only the removal of an "incriminating object" *(Coolidge v New Hampshire,* 403 US 443, 466; *Harris v United States,* 390 US 234). Where a vehicle is not abandoned and is not lawfully in the custody of the police, the only justification for a warrantless vehicular search is probable cause *(Chambers v Maroney,* 399 US 42, 51; cf. *Cooper v California,* 386 US 58; *Cady v Dombrowski,* 413 US 433). Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.