UNITED STATES of America, Plaintiff-Appellee,

v.

James Henry CASSELL, a/k/a Leonard Lee Miles, a/k/a Leonard Jackson, Defendant-Appellant.

No. 75–4286.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1976.

Rehearing and Rehearing En Banc Denied Dec. 23, 1976.

---

** Judge Griffin B. Bell, originally a member of this panel, has resigned. The present decision is rendered by a quorum of the Court pursuant to 28 U.S.C. § 46(d).

Harold A. Horne, Jr., Atlanta, Ga. (Court appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Jerome J. Froelich, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RIVES,* GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

The appellant attacks his judgment of conviction for bank robbery after a jury had found him guilty. He claims that his conviction is infected with the following errors: (1) failure to disclose *Brady* material, (2) prejudicial argument by government counsel, (3) inadequate instructions by the court concerning the credibility of witnesses, and (4) failure to suppress evidence because of an alleged unlawful search and seizure of the apartment in which Cassell was found hiding in a closet. Substantial proceeds from the bank robbery, $35,000.00, as well as two handguns, articles of clothing worn during the robbery, and money wrappers from the bank were also seized.

A careful examination of the record, the briefs and the contentions of the parties at oral argument convince us that there is no merit in any of the alleged errors. The only contention which deserves any elaboration whatever is the claim of an unlawful search and seizure. We approach this question fully cognizant of the principles set forth in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), which clearly indicate that common law property concepts are not necessarily con-trolling in search and seizure cases. It is our conclusion that under the facts here involved this case is not controlled by the conclusion reached in *Jones*.

The appellant contends that the search and seizure were unlawful because he was in the apartment of a Miss Googe who had formerly been an intimate companion of William Bradford Owens, a co-indictee. According to her testimony, however, she had moved to a new location from the apartment which was at times occupied jointly by her and Owens. At the time she was moving, she permitted Owens to have a key to her new apartment so that he might assist her in the move. Her unequivocal testimony was to the effect that her relationship with Owens had changed and that they had a definite understanding that he was not to come to her apartment except upon her invitation when she was present. She further testified that she had demanded the key from Owens, but that he falsely asserted that the key was lost.

On cross examination by Cassell's attorney, Al Koestner of the Federal Bureau of Investigation gave the following account of the events leading up to the search of Miss Googe's apartment:

> The assistant resident manager came over to us and stated that one of her tenants had just seen a white male go into Apartment B–5 and that, according to her knowledge, B–5 was rented by a single woman with a young child, neither of which would be in the apartment; therefore no one should have been in Apartment B–5 at that time of day.[1]

Appellant persists in emphasizing his expectation of privacy in the apartment of Miss Googe and his right to have such expectations. The Supreme Court has recently stated, however, that expectations of privacy depend in substantial degree upon the circumstances. In *South Dakota v. Opper-*

---

*Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46.

1. Record on Appeal, vol. II, p. 132. In light of our holding today that Cassell does not have standing to contest the search of Apartment B–5, we are not required to consider the legality of that search. Therefore, nothing in this decision should be construed as expressing an opinion on that question.

man, —— U.S. ——, ——, 96 S.Ct. 3092, 3099, 49 L.Ed.2d 1000, 1009 (1976), the Court quoted with approval the following statement of Mr. Justice Black in *Cooper v. California*, 386 U.S. 58, 59, 87 S.Ct. 788, 790, 17 L.Ed.2d 730, 732 (1967):

> [W]hether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case . . . .

While we are not here required to determine the reasonableness of a search, we, like the *Cooper* Court, are required to carefully scrutinize the "facts and circumstances" of the case at bar and determine whether appellant was "legitimately on the premises." *Jones v. United States*, 362 U.S. 257, 267, 80 S.Ct. 725, 734, 4 L.Ed.2d 697, 706 (1960).

We are unwilling to conclude under the facts and in the circumstances of this case that a person (Owens) who had unlawfully entered the apartment of another (Googe) contrary to her instructions, with a key, the possession of which he retained by false representation, could by a simple invitation to a co-defendant in a bank robbery case (Cassell) thereby confer on that person the shield of the fourth amendment and complete immunity from this search and seizure. All of the conduct involved here was part of a bank robbery. In unlawfully entering Miss Googe's apartment, the defendants were attempting to evade law enforcement authorities and conceal the fruits of their illegal adventure. Cassell's claim of standing cannot rest on the unequivocal facts disclosed by the record.

The judgment is AFFIRMED.