THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, DANIEL E. LÓPEZ PRITCHARD, JUDGE, Respondent; JUAN VELÁZQUEZ VÁZQUEZ, Intervener.

No. O-69-162.    Decided February 24, 1970.

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for petitioner. *Eduardo Cuchí Coll* for intervener.

PER CURIAM: The prosecuting attorney filed an information against Juan Velázquez Vázquez for violation of § 8 of the Weapons Law, 25 L.P.R.A. § 418, charging him with bearing, carrying and transporting a loaded revolver without previously having a license authorizing him therefor. Before introducing an allegation defendant filed a motion to suppress evidence on the ground that the weapon was seized during an unlawful search performed by Sergeant Ángel L. Rivera on the occasion on which he was taken in a patrol car to the police station, "while defendant was behaving in a completely peaceful and orderly manner, without having committed any offense in the presence of the police to justify said search," as attested to by said peace officer at the trial held for another criminal cause—breach of peace with a fight—before the District Court.

The prosecuting attorney answered. He stated that, in conformance with the sworn statement of the mentioned agent which appears in the summary of the cause, the search had occurred when he intervened with three persons who were fighting in front of the entrance to Fort Brooke, one of them being the defendant. In a reply brief defendant reiterated what was set forth in the motion to suppress and specifically referred to the fact that Sergeant Rivera had testified before District Judge Alberto Toro Nazario that the persons in question "were not doing anything there, were

not committing any offense there," for which reason they were acquitted.

The parties substantiated their respective allegations with the testimony of witnesses: the defense, with the testimonies of Judge Toro Nazario and defendant; The People, with those of José Velázquez, Juan González, and Lieutenant José de Jesús Fernández. For the purpose of deciding the contention the trial judge accepted as true the testimony of Lieutenant de Jesús,[1] "the one which favors the position of the prosecuting attorney," he determined that defendant's arrest had been lawful, but that the search had been unreasonable. He stated as follows:

"The court, having examined the evidence in this case, assuming that the evidence of the prosecuting attorney deserves the entire credit, however, taking into consideration the fact that two witnesses for the prosecuting attorney contradict the version of the policeman, but the Lieutenant's version being the one which most favors the position of the prosecuting attorney,

---

[1] The Solicitor General adequately summarizes the testimony in the following manner:

". . . was coming out of Fort Brooke, when he observed a fight, that there were many persons fighting. Some were trying to prevent the struggle and others were fighting. His companions, Sergeant Ortiz and Lieutenant de Jesús intervened and saw defendant fall to the floor, he got up and attacked an ex-policeman surnamed Cintrón. Defendant's son also hit Cintrón. The agents arrested Cintrón, defendant, and his son. The other participants left the place. The policemen placed defendant inside the patrol car but he alighted angrily [and went toward the place of the fight] and they again put him inside the car. They left the place and when they were going along Ponce · de León he noticed through the mirror, several times, that defendant was taking a firm hold of the front seat and was putting his hand behind the mirror. The witness ordered to stop the vehicle and to search him. At the rear part, in a handkerchief they found the revolver. Previously he had testified that defendant was riding on the back seat with his son and that Cintrón was in front to avoid their fighting. (Tr. Ev. p. 38.) To questions of the magistrate he testified that the search was performed about five minutes after the arrest and that he ordered the search on the grounds of the movements which he was making on the back seat of the vehicle and that he deemed it necessary to search him. (Tr. Ev. p. 40.) To questions of the defense he testified that at the very moment of searching him he was not committing any offense."

accepting as true said testimony in its entirety, it arises that at the time of the arrest which occurred in Fort Brooke, the defendant was not searched, he was arrested, placed under custody, placed inside the police vehicle, later he was driven from Fort Brooke to a street farther off where, during the journey from Fort Brooke, the police stopped and the Lieutenant ordered the Sergeant to proceed with the search of defendant; the Supreme Court in the case of Tomás Luis Riscard of November 8, '67, establishes the standards that should rule for the purpose of determining whether a search is reasonable or unreasonable, even assuming that there were grounds for a lawful arrest, assuming that the arrest is lawful, when is it that a search is reasonable and when is it not; in the case of José Polanco, decided on December 1, '67, the Supreme Court establishes the case again where the Supreme Court says and we quote: 'Assuming that appellant's arrest was lawful . . . it appears . . . that this search incidental to a lawful arrest was unreasonable, . . . *People* v. *Sosa Díaz*, 90 P.R.R. . . . [the Judge reads]. Elaborating on the same aspect we made reference to the fact that the search is justified by the need to seize weapons and other things which might be used to prevent escaping detention, . . . to prevent the . . . disappearance or concealment of evidence, etc. As it will be seen none of the circumstances is present in the instant case.' The quotation from the case of People v. José Polanco having ended, we have, likewise decided by the Supreme Court, the case of People v. Hilda Cruz Plaza, judgment of October 8, 1968 where the Supreme Court establishes as follows 'At the time of the arrest he was not searched, he was forced to get inside a police vehicle and after starting, etc.' The Court, in view of the facts which we deemed proven, giving the benefit of the doubt to the credibility of the witnesses of the People since the evidence of the People is contradictory, in as much as there are two witnesses who establish one version and the Lieutenant establishes another, even assuming that there is a lawful arrest, the Court deems that the search was unreasonable, therefore, the motion to suppress evidence in the above-entitled case IS GRANTED."

██ The facts of the instant case are distinguishable from those in *People* v. *Sosa Díaz*, 90 P.R.R. 606 (1964); *People* v. *Riscard*, 95 P.R.R. 394 (1967); *People* v. *Polanco*

*Marcial,* 95 P.R.R. 457 (1967) ; and *People* v. *Cruz Plaza,* Cr-66-211, judgment of October 8, 1968, on which the trial judge relied. To determine the reasonability of a search it is necessary to examine all the attendant circumstances. As it arises from the facts it cannot be ignored that defendant had been detained for taking part in a fight—it is admitted that the arrest was lawful, contrary to what was alleged in the motion to suppress evidence—; that he alighted from the patrol car, in anger, and went toward the place of the fight, reason why the Lieutenant looked for him again and separated him from his adversary in the car; *that he made a series of suspicious movements*—"he takes a firm hold of the front seat and puts his hand behind the mirror"—and that the order to search him "was grounded on the movements which he was making in the rear part of the vehicle" which the officer observed through the rearview mirror. All these facts could give grounded motives to a prudent and reasonable person that the detained could constitute a danger to the security of the policemen and that the search was necessary to look for some object or weapon which could be used for such purposes. It cannot be affirmed under these circumstances that the search was unreasonable on account of the fact that it was not performed immediately after the arrest, but some minutes later. *Cf. Cooper* v. *California,* 386 U.S. 58 (1967) and *Chimel* v. *California,* 395 U.S. 752 (1969).

The order concerning the suppression of evidence will be set aside and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.