**Walter Robert LOVE, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Aug. 11, 1972.

Certiorari Denied by Supreme Court
Nov. 6, 1972.

A. V. McDowell & Hugh W. Stanton, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Leland M. McNabb, and John Pierotti, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

O'BRIEN, Judge.

## OPINION

Appeal from jury verdict of guilty of third degree burglary with punishment fixed at not more than five years in the State Penitentiary, and judgment of the Court accordingly.

Assignments of Error I and II challenging the weight and sufficiency of the evidence, and No. III complaining of the admission of testimony and physical evidence relating to the search of defendant's automobile may be considered together.

Appellant contends that the search was not incident to his arrest and there was no valid reason for a warrantless search.

It is the State's theory that appellant abandoned his car in close proximity to the scene where the commission of a felony

was in progress, that a pistol on the floor of the car in plain view, and the car keys visible on the front seat, made probable cause to proceed with the search. That the shop cloth containing money found under the front seat, and the other fruits of the burglary with which he is charged, found in the trunk of the vehicle, were admissible in evidence and the search and seizure was reasonable.

Neither counsel for the defendant nor counsel for the State have cited any authority on this issue, nor has defense counsel complied appropriately with Court Rules 17(1) and 14(2).

In this case, on the night of May 18, 1970, a witness observed an unidentified individual fumbling at the back door of Eddie's Grocery, located at 789 Hilton, in Memphis, Tennessee. The witness notified the police by telephone and Patrolman D. N. Landers and J. M. Campbell, who were in the vicinity, responded in a matter of minutes. As their patrol car approached the area, the lights and engine were turned off and they coasted downgrade toward the market. The officers observed a car parked on Hilton Street in front of the grocery store with a figure standing at the car with his hands on the car door. This individual broke and ran around the rear of the car in a northwesterly direction. One of the officers chased the man while the other inspected the grocery. The south door of the store had two locks, both of which were broken off, with the door standing ajar three to four inches. Some obstruction on the inside prevented the door opening further. The officer, who had pursued the individual, lost him, and returned to the store. They made a further check of the automobile where the individual had been first seen by them. (By then it was between 04:00 and 05:00 a. m.) They found the engine to be warm. With the aid of a flashlight they observed the butt of a pistol protruding from under the front seat and some keys lying on the driver's seat. The vehicle was found to be unlocked. They entered the car for the purpose of obtaining identification. In the glove compartment they found a man's billfold containing the identification of Robert Love. Under the front seat they found a "shop cloth" wrapped around $21.00, and some odd cents, in change. Upon making this discovery, utilizing the keys found on the car seat, the trunk was opened. Various other items were found in the trunk which were tagged by the officers and turned in to the burglary squad of the police department. These items were subsequently found to be stolen from Conklin's Esso Service Station. Prior to the admission of this evidence, the trial court held a jury-out hearing to determine the admissibility of the evidence in reference to the search.

■ Certainly the vehicle in question was abandoned, as admitted by appellant to the police officers at the time of his arrest. See Campbell v. State, Tenn.Cr.App., 469 S.W.2d 506. Under the exigent circumstances then and there existing, the search by the police officers was proper, and certainly not in violation of defendant's constitutional right against an unreasonable search or seizure. The officers knew a felony had been committed. There was no way for them to know that appellant would not return; whether or not he had a confederate or confederates in the area; or whether or not the automobile was stolen, and therefore the object of a separate felony. The totality of the circumstances in this case clearly bring it within the scope of the highly restrictive rules set forth in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, and there was probable cause to justify a warrantless search accompanied by the exigent circumstances which would make it impractical to secure a warrant. Also the facts in this case are consistent with the exceptions noted in Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, and Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419.

We are satisfied that the trial court correctly admitted the testimony in regard to

the search as well as the evidence obtained thereby. Appellant admitted the burglary and theft of the articles stolen. Assignments I, II, and III are overruled.

The fourth assignment of error charges that the defendant's arrest was illegal, and the trial court erred in admitting into evidence statements made by the defendant after the illegal arrest.

No authority is cited for this proposition and, having read the record, we are at a loss to understand the basis for this assignment of error. There is no evidence of any illegality in appellant's arrest. No objection was made to the admission of de-fendant's inculpatory statement acknowledging the burglary, which he admitted on two separate occasions. There is no evidence that the statement was not freely, knowingly, and voluntarily made, and it was properly admitted in evidence. The assignment is overruled.

The indeterminate sentence law applies to third degree burglary, and the judgment is modified to provide for a sentence of not less than three years nor more than five years in the State Penitentiary, Davis v. State, 1 Tenn.Cr.App. 479, 445 S. W.2d 933, and affirmed as modified.

DWYER and RUSSELL, JJ., concur.