Fuchsberg, J. (dissenting).
While joining fully in the opinion of my fellow dissenter, I would add sex discrimination as an explicit reason for the declaration of section Ill’s unconstitutionality. There appears to me to be no sufficiently principled distinction between requiring equal protection as between married and unmarried fathers, on the one hand, and as between an unmarried mother of a child and its unmarried father, on the other.
The statute here results in a denial, without regard to the merits, of the natural right of the father, not because the welfare of the child demands it, nor because there is any serious question but that he is a model father, but simply because he is the male rather than the female parent.
Judge Jones’ faultless reading of the Supreme Court’s expressions on sex as a "suspect” classification does indeed prove the subject to be, at best, still in a state of ferment in that court. Nevertheless, I believe we should go beyond that in finding a stricter protective constitutional standard for New York, as we have a right to do. (Oregon v Hass, 420 US 714; Cooper v California, 386 US 58; Lego v Twomey, 404 US 477; Barker v Wingo, 407 US 514.)
I would add most respectfully that I cannot accept the majority’s prophesy that removal of the one-sided limitation suffered by the father under section 111 would have a deleterious affect on adoptions. The emphasis should at all times be on the welfare of the child and, if there is to be veto by either parent, it should apply to both mother and father alike. Recently published research by pediatric psychiatrists indicates that by the time a child is well over two years old, the age bracket of the child here at the time the mother separated it from its father, there would have been a development of strong emotional bonds between father and child, and that the severance of these bonds might well bring in its wake a devastating and lasting personality deficit for the child. (Goldsmith, Freud, & Solnit, Beyond the Best Interests of the Child [1974].)
Chief Judge Breitel and Judges Jasen, Gabrielli and Wachtler concur with Judge Cooke; Judge Jones dissents and votes to reverse in a separate opinion in which Judge *592 Fuchsberg concurs; Judge Fuchsberg dissents in another opinion.
Judgment affirmed.