STATE OF NORTH CAROLINA v. JOHNNY WAYNE CARTER

No. 8319SC65

(Filed 7 February 1984)

1. Larceny § 7— felonious larceny of a tractor—sufficiency of evidence

   The trial court properly denied defendant's motion to dismiss the charge of felonious larceny of a tractor where the evidence tended to show eyewitness testimony placing a truck similar to defendant's at the crime scene; evidence that defendant attempted to sell a tractor shortly after the crime; evidence that the tractor was found on his property; and evidence that the owner positively identified as part of the tractor a hinge later found in defendant's truck.

2. Searches and Seizures § 6— tractor properly discovered and seized

   Officers did not discover and seize a tractor in violation of defendant's Fourth Amendment rights where the evidence established that the officers entered the property for the purposes of general inquiry; when the headlights on the officers' car struck the tractor, it was in "plain view"; the tractor and trailer matched the general description given by the owner; and the confirmation of the tip that had led them to the property made it "immediately apparent" that the items were probably evidence of a crime.

State v. Carter

3. **Searches and Seizures § 6— hinge found in back of impounded pickup truck— properly admitted into evidence**

   In a prosecution for larceny of a tractor where the police received information from the owner that a hinge was missing from the tractor the day after the officers had arrested defendant and impounded his truck, it was not error for the trial court to admit evidence that the hinge was found in the back of defendant's truck after an officer went to the impoundment garage, looked in the back of the truck, and immediately found the hinge. The police had arrested defendant when he was "located in" the truck, and the incriminating evidence lay uncovered in the back of a pickup truck. The officers' action in looking into the back of the pickup did not constitute an unreasonable search.

APPEAL by defendant from *Watts, Judge.* Judgment entered 31 August 1982 in Superior Court, CABARRUS County. Heard in the Court of Appeals 28 September 1983.

Defendant was indicted and tried for felonious larceny. The State's evidence tended to show the following: At about 9:45 p.m. Gerald Stallings observed a white pickup truck driving along his driveway with a tractor mower and trailer in the back. The tractor appeared to be one he had had stored in a shed behind his house. Stallings then notified the police. He verified the theft of his tractor and trailer and gave investigating officers a description and the serial numbers. Shortly thereafter, officers received a call from an "anonymous tipster" that defendant had tried to sell a "hot" tractor and planned to store the tractor at a house he was renting. They proceeded to the house, located some 100 yards off U.S. 601, arriving there around 12:30 a.m. As they drove up the driveway, their headlights illuminated a tractor and trailer sitting uncovered about 15 feet from the house. Closer examination and comparison of serial numbers revealed that it was Stallings' property.

Sometime thereafter, the officers received another call, that defendant's truck was stuck in a ditch. When the officers arrived, they found defendant in his white pickup, near the home of an acquaintance who testified that defendant had offered to sell him a tractor. The officers arrested defendant and impounded his truck. The next day, the police received information from Stallings that a hinge was missing from the tractor; an officer went to the impoundment garage, looked in the back of the truck, and immediately found the hinge.

Defendant testified and presented alibi evidence that he was at a card game during the time of the commission of the crime. He testified that he loaned his truck to an acquaintance, and denied any conversation concerning the sale of a tractor.

The jury returned a verdict of guilty and defendant received a sentence of three years. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Nancy C. Northcott, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant first assigns error to the court's failure to grant his motion to dismiss. He argues that the jury had to infer his actual possession of the tractor from its presence on his property and then infer his guilt from this recent possession. Defendant maintains that under the rule of *State v. Voncannon*, 302 N.C. 619, 276 S.E. 2d 370 (1981) and *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981), such "stacking of inferences" is impermissible.

In deciding whether a motion to dismiss was properly denied, we must consider all the evidence actually admitted, whether competent or incompetent, in the light most favorable to the State. *State v. Irwin*, 304 N.C. 93, 282 S.E. 2d 439 (1981). Here, there was eyewitness testimony placing a truck similar to defendant's at the crime scene; evidence that defendant attempted to sell a tractor shortly after the crime; and evidence that the owner positively identified as part of the tractor a hinge later found in defendant's truck. Thus, the State did not rely entirely on inferences to make its case and consequently the rule in *Maines* does not apply. The jury could draw a reasonable inference of defendant's guilt from the totality of the evidence presented, and the court properly denied the defendant's motion.

[2] Defendant next contends that officers discovered and seized the tractor in violation of the Fourth Amendment. On *voir dire*, the court found that the officers did not know who lived at the house and went there looking for defendant or the tractor. The findings of the trial court are supported by competent evidence and, therefore, are conclusive on appeal. *State v. Jackson*, 308

N.C. 549, 304 S.E. 2d 134 (1983). They establish that the officers entered the property for the purpose of general inquiry. Officers are not trespassers when they go to a door to inquire about a matter. *See State v. Prevette*, 43 N.C. App. 450, 259 S.E. 2d 595 (1979), *appeal dismissed*, 299 N.C. 124, 261 S.E. 2d 925 (1980). *A fortiori*, in driving up the driveway to the house the officers were where they had a right to be. When their headlights struck the tractor, it was in "plain view" and its discovery did not violate the Fourth Amendment. *Texas v. Brown*, 460 U.S. 730, 75 L.Ed. 2d 502, 103 S.Ct. 1535 (1983) (use of artificial illumination "simply does not constitute a search"); *see also* 1 W. LaFave, Search & Seizure: A Treatise on the Fourth Amendment § 2.2(b) (1978) (collecting "flashlight" cases). The tractor and trailer matched the general description given by Stallings; this and the confirmation of the tip made it "immediately apparent" that the items were probably evidence of a crime, *Texas v. Brown, supra*, which closer examination quickly confirmed. The court thus properly admitted evidence of the discovery and seizure of the tractor and trailer.

[3] Defendant's final assignment of error challenges the admission of the hinge into evidence, again on Fourth Amendment grounds. Whether searches or seizures are unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case. *Cooper v. California*, 386 U.S. 58, 17 L.Ed. 2d 730, 87 S.Ct. 788 (1967). An officer found the hinge uncovered in the back of defendant's pickup truck. The court found that police had arrested defendant when he was "located in" the truck. Again this finding, supported by competent evidence, is conclusive. *State v. Jackson, supra.* Assuming *arguendo* that defendant had some legitimate expectation of privacy in the back of his pickup truck, officers could have searched the back of his truck without a warrant for contraband and/or evidence at the scene of his arrest. *United States v. Ross*, 456 U.S. 798, 72 L.Ed. 2d 572, 102 S.Ct. 2157 (1982); *Carroll v. United States*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925); *State v. Cobb*, 295 N.C. 1, 243 S.E. 2d 759 (1978). Therefore, the warrantless search the next day was not unreasonable under the Fourth Amendment. *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975 (1970); *State v. Cobb, supra.*

In addition, the incriminating evidence lay uncovered in the back of a pickup truck. This fact raises a question as to whether

defendant had any Fourth Amendment interest at stake. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 352, 19 L.Ed. 2d 576, 582, 88 S.Ct. 507, 511 (1967). Although no court has yet held that there is *no* expectation of privacy in the open bed of a pickup, they had hesitated to accord much protection. *See United States v. McHugh*, 575 F. Supp. 111 (1983) ("it would stretch credibility to the limit" to hold defendant had an expectation of privacy); *State v. Kramer*, 231 N.W. 2d 874 (Iowa, 1975) (items "on exterior" of pickup not protected); *State v. Yaeger*, 277 N.W. 2d 405 (Minn. 1979) (upholding seizure of items in plain view in back of parked pickup).

Under the circumstances of this case then, we hold that the officers' action in looking into the back of the pickup did not constitute an unreasonable search. The hinge was therefore properly seized and admitted into evidence.

We conclude that defendant received a fair trial, free from prejudicial error.

No error.

Judges BECTON and BRASWELL concur.