JONES, Justice
(dissenting).
I respectfully dissent. Although the facts are accurately and adequately set out in the opinion of the Court of Criminal Appeals, Hester v. State, 461 So.2d 59 (Ala. Crim.App.1984), I will restate them in summary, along with the issue and a brief statement of the respective contentions of the parties.
FACTS
Defendant was convicted for possession of a forged check. Punishment for this crime is imprisonment ranging from one year to ten years. Code 1975, § 13A-5-6. Because of two prior felony convictions, however, Defendant was sentenced under the Alabama Habitual Felony Offender Act. Code 1975, § 13A-5-9.
Under that Act, the trial judge sentenced the Defendant to 99 years — the maximum authorized sentence. On appeal, the Alabama Court of Criminal Appeals affirmed his conviction and sentence. This Court granted the request for review of his sentence..
„ ISSUE
Whether a sentence of 99 years for a nonviolent felony is “cruel and unusual,” and thus prohibited by Art. 1, Sec. 15, of the Alabama Constitution and the Eighth Amendment of the United States Constitution.
DEFENDANT’S ARGUMENT
Invoking provisions of both the United States and Alabama Constitutions, Defendant contends that his sentence of 99 years, under the circumstances of this case, is cruel and unusual punishment and thus constitutionally prohibited. Defendant’s conviction for possession of the forged check falls into the “mildest” class of felonies and carries the least penalty of any Alabama felony, and all of his prior convictions were for nonviolent felonies. The four states surrounding Alabama have not sentenced similarly situated defendants to such lengthy terms.
The United States Supreme Court case of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), indicates that a sentence of 99 years for this Defendant is unconstitutional. In Helm, a South Dakota defendant with six prior nonviolent felony convictions was convicted of writing a bad check for $100. Ordinarily, this offense carried a sentence of five years and a $5000 fine. Because of his six prior felony convictions, however, the defendant, pursuant to South Dakota’s habitual offender act, received life without parole. The Unit *1055 ed States Supreme Court held that that sentence was so disproportionate to the crime as to constitute cruel and unusual punishment.
In the event this Court rejects his analysis of Helm, Defendant urges this Court to hold that his 99-year sentence is so disproportionate to the crime for which he was convicted as to offend the “cruel and unusual punishment” provision of the Alabama Constitution.
STATE’S ARGUMENT
With the enactment of the Habitual Felony Offender Act, the Alabama legislature intended to enhance repeat offenders’ punishment so as to deter crime in this state. This Court has repeatedly held this Act constitutional. Defendant was subject to the Act and it authorized the 99-year sentence.
The United States Supreme Court case of Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), supports the constitutionality of Defendant’s sentence. In that case, the defendant was convicted of obtaining $120.75 by false pretenses, which by itself carried a punishment of two to ten years’ imprisonment. Having two prior felony convictions, however, the defendant was sentenced under the Texas habitual offender act, to a life sentence (with the possibility of parole). The United States Supreme Court upheld the sentence, holding it was not “cruel and unusual.”
TEST OF FEDERAL CONSTITUTIONALITY
Tested against the “cruel and unusual punishment” provision of the United States Constitution, the issue is whether this case is more like Helm or Rummel. Both Helm and Rummel are five-to-four decisions. There was one change in the membership of the Court between the release dates of the two cases — Justice Stewart was replaced by Justice O’Connor. Justice Stewart voted with the majority in Rummel and Justice O’Connor voted with the minority in Helm. In other words, Justice O’Connor’s vote in Helm is entirely consistent with Justice Stewart’s vote in Rummel. The vote of only one Justice — Justice Black-mun — reflects a conviction that the facts of the two cases (primarily, the “with possibility of parole” in Rummel and the “without parole” in Helm) are significantly distinguishable.
That is to say, only Justice Blackmun voted with the majority in both cases. The four dissenting Justices in Rummel joined with Justice Blackmun to form the majority in Helm. The remaining three Justices, who voted with the majority in Rummel, joined with Justice O’Connor to form the dissent in Helm. Thus, notwithstanding certain expedient language in Helm to the contrary, it is apparent that the dissent in Rummel prevailed in Helm because one Justice, who had voted with the majority in Rummel, perceived the factual distinction (“with parole” in the one and “without parole” in the other) as requiring different results.
From this analysis, it is reasonably clear that the facts of the instant case (99 years with possibility of parole) would draw Justice Blackmun back into the company of the Helm dissenters; and that Court, by a five-to-four vote, would affirm the decision of the Alabama Court of Criminal Appeals, upholding the sentence.
TEST OF STATE CONSTITUTION
But the matter does not end here. Defendant has invoked the protection of our State Constitution. While, under the Supremacy Clause of the United States Constitution, this Court may not interpret the United States Constitution to afford greater rights than those accorded by the United States Constitution as interpreted by the United States Supreme Court, this Court is not so restricted with respect to its interpretation of the State Constitution. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1966). See, also, Oregon v. Haas, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). Accordingly, I would not hesitate to declare that a 99-year sentence for a nonviolent Class C felony (pos *1056 session of a forged $125 check) is violative of the “cruel and unusual punishment” provision of our State Constitution.
I do not question the power of the legislature to express and implement the public policy of this state to treat habitual offenders differently from first offenders. Reliable statistics indicate that two of every three crimes are committed by repeat offenders. To deal with this problem by authorizing greater sentences for the second, third, or fourth felony is a reasonable legislative prerogative. It is the extreme of the term of years here involved that encroaches on constitutional proscriptions.
The maximum sentence for the instant Class C felony for a first offender is 10 years and one that is rarely imposed. For a third offender (i.e., for three Class C felonies); the statutes leave to the trial court’s discretion a wide range of terms from 10 years to 99 years. In determining proportionality, when one considers the relative seriousness of the offense charged and whether the crime is a nonviolent felony, the imposition of a 99-year sentence, on its very face, is constitutionally offensive.
I recognize the State’s argument that the Defendant’s status with respect to the possibility of parole outweighs the first two considerations and renders the sentence proportionate. The difficulty with the “parole status” consideration is its subjective and speculative nature. While the possibility of parole is a reality and worthy of some consideration, the certainty of parole is not a reality; and the extent to which ■this element should be factored into the total picture is far less definitive than the first two considerations.
Sentencing is a judicial function, while parole and other forms of early release fall peculiarly within administrative and executive prerogatives. Thus, these matters should be given minimal consideration when testing the extent of the punishment against the offense charged for proportionality.
For these reasons, I would reverse. Therefore, I respectfully dissent.
EMBRY and ADAMS, JJ., concur.