671 S.E.2d 643

**The STATE, Respondent,**

v.

**Yahya MUQUIT, Appellant.**

**No. 4479.**

Court of Appeals of South Carolina.

Submitted Nov. 1, 2008.

Decided Jan. 12, 2009.

---

Eleanor Duffy, Cleary of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.

ANDERSON, J.:

Yahya Muquit (Muquit) was tried and found guilty of (1) two counts of armed robbery, (2) two counts of possession of a firearm during a violent crime, and (3) two counts of pointing and presenting a firearm. He was sentenced to thirty-five years' imprisonment. Muquit appeals his convictions and sentences, arguing the circuit court erred in admitting into evidence clothing seized from his personal effects following his arrest. We affirm.[1]

### *FACTUAL/PROCEDURAL BACKGROUND*

On October 6, 2005, two men robbed Dale's Quick Stop, a Spartanburg convenience store, at gunpoint. A woman assisted the men by acting as a lookout. The participants absconded with approximately $1300.00. Shortly after the robbery, two men and a woman accosted a satellite dish installer and, pointing a gun at him, demanded the keys to his company vehicle. The keys were in the ignition, and the trio took the van. Both victims called the police. A short time later, the

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

trio abandoned the van and ran away on foot. After a brief chase, police officers apprehended Tunisha Jeter (Jeter), Hardy Lassiter (Lassiter), and Muquit. Jeter later testified on behalf of the State and pled guilty to accessory after the fact of armed robbery.

Following Muquit's arrest, officers obtained a search warrant. The warrant indicated in its description Muquit was the person to be searched and the clothes he was wearing during the commission of the robbery were to be seized if found. However, at the time the warrant was issued and executed, Muquit was in a detention center wearing jail-issued clothing. The clothing sought in the warrant had been removed and stored in a separate location at the jail. The officers seized the stored clothing from the detention center to use as evidence.

At trial, Muquit and Lassiter sought to suppress the clothing seized from their personal effects while they were in jail. The circuit court denied their motion and allowed the clothing into evidence over objections from both defendants. The trial judge instructed:

> In any event, I don't have any question that these search warrants are invalid.... It described the person to be searched and that person was not searched. Items that have been seized were seized from some other location that was not described in this warrant.

> So any search or any seizure of property can't be predicated upon the validity of these warrants because these warrants don't authorize anybody to search the location where the property was taken. But it's my view that in this particular case under the facts of it the search warrant was unnecessary, that the seizure was appropriate; and so I am going to deny each of the defendants' motions to suppress based upon the invalidity of the search warrant, and they are. But they weren't necessary, I don't believe, in order for the seizure to take place.

Both Muquit and his co-defendant were convicted on all charges.

118

## ISSUE

Did the trial judge err by refusing to suppress evidence seized during a warrantless search of property in the custody of the detention center where the owner of the property was being incarcerated?

## STANDARD OF REVIEW

 In criminal cases, the appellate court sits to review errors of law only. *State v. Butler,* 353 S.C. 383, 388, 577 S.E.2d 498, 500 (Ct.App.2003). We are bound by the trial court's factual findings unless they are clearly erroneous. *Id.,* 577 S.E.2d at 500–501. This same standard of review applies to preliminary factual findings in determining the admissibility of certain evidence in criminal cases. *Id.* Our review in Fourth Amendment search and seizure cases is limited to determining whether any evidence supports the trial court's finding. *State v. Bowman,* 366 S.C. 485, 501, 623 S.E.2d 378, 386 (2005); *see also State v. Baccus,* 367 S.C. 41, 48–49, 625 S.E.2d 216, 220 (2006) ("The trial judge's factual findings on whether evidence should be suppressed due to a Fourth Amendment violation are reviewed for clear error.").

## LAW/ANALYSIS

 Muquit contends the circuit court erred in admitting into evidence clothing seized from his personal effects following his arrest. We disagree.

 Although there is no South Carolina case law directly on point, the federal courts view the issue of seizing property already in custody as well-settled. Authority to search an arrestee derives not only from the need to disarm him, but also from "the need to preserve evidence on his person for later use at trial." *U.S. v. Robinson,* 414 U.S. 218, 234, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) (citing *Agnello v. U.S.,* 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); *Abel v. U.S.,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960)). When an arrestee's property is already in the custody of law enforcement as an incident of the arrest, the police may seize it at a later time as evidence relating to his offense. *U.S. v. Edwards,* 415 U.S. 800, 806–807, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974) (citing *Cooper v. California,* 386 U.S. 58, 61–62, 87 S.Ct.

788, 17 L.Ed.2d 730 (1967)) (holding seizure of arrestee's car impounded incidental to arrest was proper even though it occurred a week after arrest). In *Edwards,* the United States Supreme Court enunciated:

[O]nce the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. **This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the 'property room' of the jail, and at a later time searched and taken for use at the subsequent criminal trial.** The result is the same where the property is not physically taken from the defendant until sometime after his incarceration.

*Id.* at 807–808, 94 S.Ct. 1234 (emphasis added) (footnotes omitted).

■ Muquit argues the seizure of his clothing was not incident to his arrest, relying on *Chimel v. California,* 395 U.S. 752, 764, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, *Chimel* did not contemplate a search or seizure of property already in the custody of law enforcement. Instead, *Chimel* restricts arresting officers from conducting a warrantless search of an arrestee's home, rather than the immediate area around him where he may have hidden a weapon or evidence against him, for evidence of a crime. *Id.* at 768, 89 S.Ct. 2034. Muquit further argues he had a "reasonable expectation of privacy in the contents of [his] personal effects secured by the jail." However, a person's expectation of privacy is either greatly diminished or nonexistent when he is arrested and transfers custody of his property to the State. *See Edwards,* 415 U.S. at 806–807, 94 S.Ct. 1234. Indeed, once the police acquired custody of Muquit's personal effects, they had authority to search or seize that property for use as evidence in prosecuting the crime for which he was arrested. Consequently, the seizure of Muquit's clothing was proper, and the circuit court did not err in admitting the clothing into evidence.

## CONCLUSION

On this novel issue, we hold that the seizure of an incarcerated defendant's personal effects in his possession or the possession of the detention center or jail where he is being held is not a violation of the Fourth Amendment of the United States Constitution. Accordingly, we

**AFFIRM.**

HUFF and THOMAS, JJ., concur.