NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 15-2834

UNITED STATES OF AMERICA

v.

JONATHAN A. MILLER, JR.,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Criminal No. 2-14-cr-00279-001)
District Judge: Honorable Mitchell S. Goldberg

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2016

Before:  MCKEE*, Chief Judge, JORDAN and ROTH, Circuit Judges

(Opinion filed: October 6, 2016)

OPINION**

ROTH, Circuit Judge

---

* Judge McKee was Chief Judge at the time this appeal was submitted. Judge McKee completed his term as Chief Judge on September 30, 2016.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jonathan A. Miller entered a conditional guilty plea for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), preserving his right to appeal the District Court's denial of his motion to suppress certain physical evidence obtained in an inventory search after his car was impounded. On appeal, he challenges the District Court's conclusion that the impoundment was reasonable. We will affirm.

## I.       Background

On January 19, 2013, shortly after midnight, Officer Sean Perry of the Penndel Borough Police Department observed Miller driving his truck at high speed and spinning the tires as he sped out of a parking lot and onto Bellevue Avenue. As Officer Perry drove down a parallel street to catch up with Miller, he could hear Miller "rev" the engine. Miller then drove back to the parking lot at high speed, parked, and exited the truck. Officer Perry told Miller to stop and remove his hands from his pockets. For a brief period of time, Miller continued to walk away from Officer Perry, and did not remove his hands from his pockets. Officer Perry observed that Miller walked with an unsteady gait. When Officer Perry spoke with Miller, Miller was argumentative and slurred his speech. Officer Perry conducted a frisk and noticed that Miller smelled of alcohol. Officer Perry then arrested Miller for driving under the influence of alcohol.

Officer Perry requested an impoundment of Miller's truck because he observed what appeared to be a gun in a cloth case on the front passenger seat, visible from outside the car. He also considered that the truck was parked in a high crime area with frequent

2

car thefts, and there was no passenger to drive the truck to a safe location. Officer Perry checked and confirmed that the case contained a gun; the possibility that the gun could be stolen created a public safety concern. After Miller refused to submit to a blood test, Officer Perry drove Miller to the police station to be processed. There, Officer Perry learned that, in 1999, Miller was convicted of trafficking firearms in violation of 18 U.S.C. § 922(a)(1)(A). Miller was indicted for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Miller filed a motion to suppress the evidence of the firearm and ammunition and certain statements. Following an evidentiary hearing, the District Court denied the motion except as to a post-arrest statement. The District Court concluded that the high speed and unsafe manner with which Miller drove provided reasonable suspicion to stop Miller and inquire about his conduct, and that Miller's refusal to stop walking and remove his hands from his pockets heightened the officer's suspicion. Based on the foregoing conduct, as well as Miller's slurred speech, argumentative behavior, and the fact that he smelled of alcohol, the District Court concluded that there was probable cause to arrest Miller for driving under the influence of alcohol. Further, the District Court concluded that it was reasonable to impound Miller's truck because the truck was parked in a high crime area with numerous incidents of theft and Officer Perry had legally observed a cloth case containing what appeared to be a gun in the front seat of the car.

Miller entered a conditional guilty plea under an agreement in which he preserved his right to appeal the District Court's ruling on the motion to suppress. The District Court sentenced Miller to three years of probation and $100 in special assessments.

3

## II.  Discussion[1]

We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to those facts.[2]

Miller challenges the reasonableness of the impoundment, which resulted in an inventory search and seizure of the firearm and ammunition, on two grounds.  First, Miller argues that our holding in *United States v. Smith*, which permits the impoundment of a vehicle under the community caretaking function, absent standardized police procedures,[3] is incorrect.  The government contends, on the other hand, that Penndel Borough Police Department Special Order 2.8.5 provides standardized guidance regarding impoundments.  The District Court, in its oral ruling on the motion to suppress, did not come to a conclusion about the policy's applicability to impoundments.  We need not, however, decide this issue because, as discussed below, we see no reason to overrule our decision in *Smith* and decline to vote for *en banc* review of that case.[4]

Miller argues that *Smith* should be overruled because it contradicts *South Dakota v. Opperman*[5] and *Colorado v. Bertine*.[6]  This argument is unavailing.  *Opperman* recognized the police's community caretaking function as among the exceptions to the

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231.  We have jurisdiction over this appeal under 28 U.S.C. § 1291.
[2] *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).
[3] 522 F.3d 305, 315 (3d Cir. 2008).
[4] 3d Cir. I.O.P. 9.1 (2015).
[5] *South Dakota v. Opperman*, 428 U.S. 364, 374-76 (1976).
[6] *Colorado v. Bertine*, 479 U.S. 367, 374 (1987).

4

requirement that vehicular searches be conducted pursuant to warrants.[7]  Subsequently,

*Bertine* confirmed that "reasonable police regulations relating to inventory procedures

administered in good faith satisfy the Fourth Amendment[.]"[8]  Heeding the holding in

these decisions, the Court of Appeals for the First Circuit in *United States v. Coccia* held

that the community caretaking exception applied to *impoundments*, and neither

*Opperman* nor *Bertine* requires standardized procedures for an impoundment to be

lawful.[9]

Consistent with Supreme Court precedent and adopting *Coccia*'s approach, we

held in *Smith* that the lawfulness of an impoundment under the community caretaking

function turns on reasonableness, rather than on the existence of standardized procedures:

"[W]e think that it is best that we judge the constitutionality of a community caretaking

impoundment by directly applying the Fourth Amendment which protects people 'against

unreasonable searches and seizures.'"[10]  Because *Smith*'s holding is consistent with

applicable Supreme Court precedent, we find no error here.

Second, Miller argues that the impoundment was an unreasonable exercise of the

community caretaking function of the police.  The community caretaking function

"encompasses law enforcement's authority to remove vehicles that impede traffic or

---

[7] 428 U.S. at 374-76.

[8] 479 U.S. at 374.

[9] *United States v. Coccia,* 446 F.3d 233, 238 (1st Cir. 2006) ("[W]e do not understand *Bertine* to mean that an impoundment decision made without the existence of standard procedures is per se unconstitutional.  Rather, we read *Bertine* to indicate that an impoundment decision made pursuant to standardized procedures will most likely, although not necessarily always, satisfy the Fourth Amendment.").

[10] 522 F.3d at 315 (relying on *Coccia*, 446 F.3d at 238).

threaten public safety and convenience."[11]  Reasonableness of the removal turns on "all the facts and circumstances of the case."[12]

Here, the District Court found that, although Miller's truck did not obstruct traffic, and despite the fact that Miller's arrest barred him from continuing to operate the vehicle under the influence of alcohol, the impoundment was justified by the existence of a gun that was visible from outside the car.  Given there was no passenger to drive Miller's truck to a safe location[13] and that the truck was parked in an area prone to crime, there was a risk of theft of the gun.  The District Court found that possibility created a public safety concern.  We conclude, in light of these circumstances, this seizure was a reasonable exercise of the community caretaking function.[14]  Given that the impoundment was pursuant to the community caretaking function, any "coexistence of investigatory and caretaking motives will not invalidate the seizure."[15]

III.    **Conclusion**

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[11] *Coccia*, 446 F.3d at 238; *see Opperman*, 428 U.S. at 368-69.

[12] *Opperman*, 428 U.S. at 375 (quoting *Cooper v. California*, 386 U.S. 58, 59 (1967)).

[13] *Smith*, 522 F.3d at 311-12 (noting consideration of whether passengers were available to drive the vehicle following the driver's arrest and citing *United States v. Duguay*, 93 F.3d 346, 353 (7th Cir. 1996)).

[14] *See Vargas v. City of Phila.*, 783 F.3d 962, 971 (3d Cir. 2015).

[15] *Coccia*, 446 F.3d at 241 (quoting *United States v. Rodriguez-Morales*, 929 F.2d 780, 787 (1st Cir. 1991)); *see also Bertine*, 479 U.S. at 372 (noting a search is valid if it is not for the "sole purpose of investigation").