HARRIS, Judge.
On July 23, 1982, the Tuscaloosa County Grand Jury indicted appellant, Gregory Joseph Ledet, for unlawful possession of ly-sergic acid diethylamide (LSD). On January 27, 1983, he was found guilty of the charge and he was sentenced to seven years’ imprisonment in the state penitentiary-
On April 7, 1982, between 8:00 a.m. and 9:00 a.m., an informant, known to the police to be reliable, supplied information that appellant would be in possession of LSD and that he would be traveling to Broadm-oor Apartments in Tuscaloosa within an hour for the purpose of selling the drug. The informant supplied a physical description of appellant, a description of the car he would be driving and gave the police two addresses which were likely points of departure. The police verified this information within the hour through reports from other sources and through personal knowledge.
Officers Dyer and Samaniego proceeded to Broadmoor Apartments, hoping to intercept appellant en route while the drugs were still in his possession. They spotted *432 him driving the yellow Chevrolet Chevette as predicted and stopped him a block away from the Broadmoor Apartment complex. Appellant got out of the ear and Dyer advised him of his Miranda rights while Samaniego searched the car. Samaniego found vegetable matter which he believed to be marijuana, but a patdown of appellant failed to yield the LSD which the officers expected to find. Because they were standing on a public road in morning traffic and because LSD is generally stored on small slips of blotter paper capable of being hidden in many places, the officers determined that a strip search of appellant was necessary, and so they took him to the West Alabama Narcotic Squad office with them. There a field test on the vegetable matter confirmed that the sample contained marijuana and a blotter paper containing twelve dosage units of LSD was found in appellant’s wallet in a clear plastic bag. When Dyer found the blotter paper he asked appellant what it was and appellant replied that it was LSD. Appellant also said that he used talwin, marijuana, and LSD.
Officer Samaniego testified that LSD is a very dangerous hallucinogenic drug with unpredictable effects on an individual and that it can be absorbed through the skin simply by touching the substance.
Appellant emphasizes on appeal that he is not questioning the informant’s reliability or the authority of the police officers to stop and search appellant. He does contend, however, that the officers had no justification for taking him into custody and transporting him back to their office for a more thorough search.
At the outset it must be noted that “[t]he question of whether a search or seizure is constitutionally reasonable is not to be determined from fixed rules, but must be determined from the facts of each case.” Burnett v. State, 340 So.2d 40 (Ala.Cr.App.1976) citing Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). In assessing the facts of a case the governmental interest in effective law enforcement must be balanced against official intrusion upon a private citizen’s right to be free from unreasonable searches and seizures. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sterling v. State, 421 So.2d 1375 (Ala.Cr.App.1982).
In Terry v. Ohio, supra, at 21, the Court enunciated the following standard:
“The scheme of the Fourth Amendment becomes meaningful only when it is assured that at some point the conduct of those charged with enforcing the laws can be subjected to the more detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances. And in making that assessment it is imperative that the facts be the facts available to the officer at the moment of the seizure or the search ‘warrant a man of reasonable caution in the belief’ that the action taken was appropriate?”
Thus, we examine the facts available to Officers Dyer and Samaniego when they made the determination that they should transport appellant to their offices for a further and more thorough search of his person. They were in possession of information from several reliable sources that appellant was known to sell drugs, that a white male called Greg and meeting appellant’s description had sold LSD to an undercover narcotics agent at Broadmoor Apartments within the previous month, and that appellant was then en route to make an LSD sale and was within a block of his destination, and a substance thought to be marijuana was found in the car he was driving.
Based on the cumulative import of the foregoing facts we believe these officers were justified in concluding that appellant had LSD secreted in his car or on his person. Given the additional facts that LSD is a substance easily hidden and that it is dangerous not only to ingest but to touch, we believe that the officers were justified in concluding that an offense was being committed and that further investigation in the form of a more thorough *433 search of appellant’s person, away from public view, was necessary. Terry v. Ohio, supra; Sterling, supra.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.