PEOPLE v SORRELL

Docket No. 76691. Submitted August 16, 1984, at Detroit.—Decided October 29, 1984.

Defendant, William E. Sorrell, was involved in a vehicular accident in which a motorcyclist was killed. The prosecution charged defendant with negligent homicide as a result of that accident. The automobile that defendant was driving was seized from the street at the time of the arrest. Upon their arrival, the police officers observed the car on top of the deceased, pinning him to the ground. Four days after the arrest and seizure, the car was examined by an expert auto mechanic. The mechanic found the brakes to be defective as a result of long-standing neglect. Defendant moved for suppression of the evidence obtained by the mechanic on the grounds that the evidence was obtained illegally without a search warrant. The Recorder's Court of Detroit, George W. Crockett, III, J., granted the motion. The Court of Appeals granted the prosecution's motions for stay and immediate consideration and granted its application for leave to appeal. *Held:*

An automobile may properly be seized and inspected and evidence gathered from inspecting and testing the automobile is properly admitted in a criminal trial where the automobile was an instrumentality of the crime.

Reversed and remanded.

CRIMINAL LAW — EVIDENCE — AUTOMOBILES.

An automobile may properly be seized and inspected and evidence gathered from inspecting and testing the automobile is properly admitted in a criminal trial where the automobile was an instrumentality of the crime.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures §§ 16, 106.

.

*Rhodes, Laramie & Williams, P.C.* (by *Robert E. Laramie),* for defendant.

Before: T. M. BURNS, P.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant was involved in a vehicular accident in which a motorcyclist was killed. The prosecution charged defendant with negligent homicide as a result of that accident. The automobile that defendant was driving was seized from the street at the time of the arrest. Upon their arrival, the police officers observed the car on top of the deceased, pinning him to the ground. Four days after the arrest and seizure, the car was examined by an expert auto mechanic. The mechanic found the brakes to be defective as a result of long-standing neglect.

On January 9, 1984, the defendant moved for suppression of the evidence obtained by the mechanic on the grounds that the evidence was obtained illegally without a search warrant. The court granted that motion by order dated January 13, 1984. This Court granted the prosecution's motions for stay and immediate consideration and granted application for leave to appeal.

We believe that the trial court erred in suppressing the evidence. The car was the instrumentality of the crime and, therefore, was properly seized and inspected. In *People v Cook,* 24 Mich App 401, 408-409; 180 NW2d 354 (1970), *lv den* 384 Mich 805 (1971), this Court stated:

"Likewise, in the present case, the state police seized defendant's car because of the crime for which they arrested him. His car had been used to kidnap Polly

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Farney. It was properly seized as an instrumentality of the crime. Their subsequent search of the car for Polly's fingerprints was closely related to the reason defendant was arrested, the reason his car had been impounded, and the reason it was being retained. The search was, therefore, valid without a warrant. *Cooper v California,* [386 US 58; 87 S Ct 788; 17 L Ed 2d 730 (1967)]; *People v Sims* (1970) 23 Mich App 194.

"Finally, we are of the view that it is plainly within the realm of legitimate police investigative technique to subject objects properly seized as evidence of crime to scientific testing and examination and that defendant cannot reasonably contend that the dusting of his car for fingerprints was in derogation of his Fourth Amendment rights. On this point, we are in accord with the reasoning expressed by Chief Justice Weintraub in *State v McKnight* (1968) 52 NJ 35, 57-58 (243 A2d 240, 253):

" 'We think it sound to say that an automobile, seized as an instrument of crime, may be examined or searched without a warrant. * * * Surely a search warrant is not necessary to examine or to test a weapon or to open the brown bag or valise seized as an instrument used in a bank robbery to see if the stolen money is there. There is no reason to treat an automobile differently from any other chattel employed to commit crime. The question is whether such a search is "unreasonable," the final standard under the Fourth Amendment. * * * We see nothing unreasonable about it. There is no threat to the values protected by the Fourth Amendment when the vehicle that is searched was used to accomplish a crime and was seized on that account.' (Citations omitted.)

"See also, *People v Teale,* 70 Cal 2d 497, 507-510 (75 Cal Rptr 172, 178-180; 45 P2d 564, 570-571)."

In *People v Teale,* the California Supreme Court reviewed several cases on this issue and stated:

"The principle which we distill from the foregoing cases, and which is applicable to the instant case, is simply this: When officers, incidental to a lawful arrest,

seize an automobile or other object in the reasonable belief that such object *is itself evidence* of the commission of the crime for which such arrest is made, any subsequent examination of said object undertaken for the purpose of determining its evidentiary value does not constitute a 'search' within the meaning of the Fourth Amendment." 70 Cal 2d 511 (footnote omitted, emphasis in original).

In the instant case, the automobile was lawfully seized since the police officers plainly saw that it was an instrumentality of the crime. The officers were, therefore, free to conduct tests on the automobile to determine its evidentiary value. Defendant argues that exceptions to the warrant requirement should be narrowly construed. The instrumentality exception is narrowly construed. *People v Minjares,* 24 Cal 3d 410; 53 Cal Rptr 224; 591 P2d 514 (1979).[1] In *Minjares,* the Court noted that the exception is limited to allow for examination and tests of the vehicle itself. In the instant case, the mechanic was clearly testing and examining the vehicle. His findings are, therefore, admissible.

Reversed and remanded.

---

[1] Since this Court has previously adopted California's version of the instrumentality exception, *Cook, supra,* we feel that California's limitations on this exception are also applicable.