THE STATE OF OHIO, APPELLEE, *v.* ALLEN, APPELLANT.

(No. 48348—Decided January 14, 1985.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Lawrence G. Sheehe, Jr.,* for appellant.

ANN MCMANAMON, J. Appellant, Larry Allen, was convicted by a jury in the court of common pleas for carrying a concealed weapon in violation of R.C. 2923.12.

On January 7, 1983, Allen was driving an automobile in the city of Brooklyn, Ohio with his passenger, John Bowdrie. Officer Daniel Gasper observed Allen make an illegal right turn from the center lane of Memphis Avenue and noticed that the vehicle's rear license plate was obstructed by some red plastic material. Police stopped Allen and he and Bowdrie immediately alighted from the car, locked the doors and approached the police.

In response to inquiry, Allen identified himself and stated he had forgotten to carry his driver's license. Sergeant Murphy used Allen's social security number to run a computer check which revealed that appellant not only had a valid license, but also an outstanding arrest warrant for contempt of court. Allen was immediately taken into custody and removed to Brooklyn police headquarters.

Patrolman Gasper returned to the scene shortly thereafter, having obtained the car keys from Allen. Inside the vehicle, Gasper saw the handle of a loaded .32 caliber handgun wedged between the front seats.

John Bowdrie, meanwhile, had entered the Higbee Warehouse nearby. Police waited outside until he returned to Allen's car where they questioned him concerning the gun and frisked him. However, it was not until police arrived at the station with Bowdrie that Murphy discovered a loaded .25 caliber handgun was strapped in a holster on Bowdrie's right ankle. Bowdrie was charged with carrying a concealed weapon and entered a plea of guilty prior to the commencement of appellant's trial.

At trial, Sergeant Murphy testified, over defense objection, as to the search of Bowdrie and the gun discovered on his person, as well as the .32 caliber revolver found inside the vehicle.

Appellant's brother, Kenneth Allen, appeared for the defense and averred that he owned both the car and the gun, which he stated he had forgotten to remove from the vehicle when he loaned it to appellant that morning. Appellant professed to ignorance that the gun was in the car and maintained that he had not seen it.

Appellant has filed a timely appeal of his conviction, raising two assignments of error.

I

"The failure of the trial court to have granted appellant's motion to suppress was error in light of his court's ruling in *State of Ohio* v. *Chatton.*"

Appellant argues that his arrest was unlawful under *State* v. *Chatton* (1984), 11 Ohio St. 3d 59, and therefore the trial court erred in overruling appellant's motion to suppress the .32 caliber handgun. We disagree.

The issue in *Chatton* is:

"* * * whether the police officer, having detained appellee for a suspected traffic violation, continued to possess the authority to detain appellee for the purpose of determining the validity of appellee's driver's license once the officer no longer had reason to suspect that appellee was committing any traffic violation." *Id.* at 60.

In that case, police initially stopped defendant because his vehicle did not appear to display license plates. However, as the officer approached the vehicle, he observed a cardboard license placed on the rear deck. Although this temporary tag fully satisfied the requirements of the motor vehicle law, the police officer continued to detain defendant and demanded production of his driver's license. Chatton produced his license; the officer ran a computer check which mistakenly indicated that the license had been suspended. Defendant was arrested and a gun was found in the passenger compartment of his automobile.

The issue raised in *Chatton* is not applicable to the case at bar. After making an illegal turn, appellant was asked to produce a driver's license. Since he did not have it on his person, further investigation by police, which revealed the outstanding warrant, was reasonable and necessary. Unlike *Chatton*, the proper purpose of the subject detention, which was to determine whether defendant was violating a traffic law, was neither extinguished nor completed before police conducted their computer check. The requested information was related to the officer's belief, based upon reasonable and articulable suspicion,

that the driver had no license. See *Delaware* v. *Prouse* (1979), 440 U.S. 648.

We find there was probable cause for a valid arrest of appellant and that the gun inside the vehicle was seized pursuant to it. See *Cooper* v. *California* (1967), 386 U.S. 58, and *Harris* v. *United States* (1968), 390 U.S. 234.

Appellant's first assignment of error is not well-taken.

## II

"It was error for the trial court to have admitted testimony and evidence regarding the handgun which was found on the person of co-defendant, John Bowrdie [*sic*]."

At trial, the court admitted testimony over defense objection regarding the search of John Bowdrie, and the .25 caliber Titan handgun police found in his ankle holster. As we have noted, Bowdrie entered a guilty plea to carrying a concealed weapon prior to the commencement of appellant's trial.

We find that such evidence was not relevant under Evid. R. 401,[1] since it was not probative as to the issue of appellant's guilt on the carrying a concealed weapon charge, specifically the .32 caliber gun found in the car.

We further find, however, that in light of the overwhelming evidence of appellant's guilt, such error was harmless beyond a reasonable doubt. *Chapman* v. *California* (1967), 386 U.S. 18.

This assignment of error is not well-taken.

Accordingly, we affirm the conviction of appellant.

*Judgment affirmed.*

---

[1] Evid. R. 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

PATTON and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.