**STATE of Minnesota, Respondent,**

v.

**Oja CAMPBELL, Jr., Appellant.**

No. CX–97–2346.

Court of Appeals of Minnesota.

Aug. 11, 1998.

Hubert H. Humphrey III, Attorney General, Paul G. Zerby, Assistant Attorney General, St. Paul; and Timothy R. Faver, Beltrami County Attorney, Bemidji, for respondent.

John M. Stuart, State Public Defender, Bradford Scott Delapena, Assistant State Public Defender, Vincent Breza, Certified Student Attorney, Minneapolis, for appellant.

Considered and decided by KLAPHAKE, P.J., LANSING and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge.*

Oja Campbell, Jr. challenges the district court's refusal to suppress evidence obtained during a search of his home. The district court concluded that law enforcement officers properly searched for and seized contraband observed first in plain view and later moved.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Because the district court did not err, we affirm.

## FACTS

Oja Campbell, Jr. called police after shots were fired into his home. Campbell invited the responding officer into his home to secure it and to investigate the incident. The first concern of the officer was Campbell's safety and he went through the home to make sure the shooter was not present and to secure the scene. During this initial sweep, the officer observed a plate on the toilet tank in the bathroom, which had a white rock and some marijuana roaches on it. Based upon his training and experience, the officer believed that the plate contained illegal drugs. However, because of safety concerns, the officer continued to secure the scene. The officer continually asked Campbell for consent to search, but did not specify what he was searching for. Approximately five minutes later, the officer went back to the bathroom to find that the plate had been moved. After a second officer joined him inside the home, and approximately 10 minutes after the plate was first seen, the first officer observed a plate sticking out from the top shelf of a bedroom closet. The officer removed the plate and seized the white rock, which was tested later and found to contain cocaine. Campbell was charged with violating Minn.Stat. § 152.025, subds. 2(1) and 3(a)(b) (1996), a controlled substance crime in the fifth degree. Campbell's motions to suppress the evidence and his resulting statements were denied. The case was submitted to the district court on stipulated facts and Campbell was adjudicated guilty. On appeal, he alleges that the district court erred by failing to suppress the evidence of contraband seized by the police.

## ISSUE

Did the district court err by refusing to suppress evidence found by officers after they observed contraband in plain sight, then searched to find it after it had been moved?

## ANALYSIS

[W]hen reviewing a pre-trial order suppressing evidence where the facts are not in dispute and the trial court's decision is a question of law, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed.

*State v. Othoudt,* 482 N.W.2d 218, 221 (Minn. 1992) (citations omitted).

The correct approach in a case where the facts are not significantly in dispute is to simply analyze the testimony of the officers and determine if, as a matter of law, the officers were justified under the cases in doing what they did.

*State v. Storvick,* 428 N.W.2d 55, 58 n. 1 (Minn.1988).

Both the federal and state constitutions guarantee individuals the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Whether a search and seizure is unreasonable depends on the facts and circumstances of each case. *Cooper v. California,* 386 U.S. 58, 59, 87 S.Ct. 788, 790, 17 L.Ed.2d 730 (1967). If evidence is obtained in violation of an individual's constitutional rights, the evidence must be suppressed. *Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961).

Where the initial intrusion that brings the police within plain view of such an article is supported, not by a warrant, but by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate.

*Coolidge v. New Hampshire,* 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971).

It is undisputed that the officer was lawfully present in the home, due to Campbell's consent, when he first observed the contents of the plate in the bathroom. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–44, 36 L.Ed.2d 854 (1973) ("It is * * * well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."). It is also undisputed that at the moment the officer first saw the drugs in plain view, he could have seized them. *See Coolidge,* 403 U.S. at 465, 91 S.Ct. at 2037 (police may seize evidence in plain view with-

out a warrant under certain circumstances). Campbell's only claim on appeal is that the officer's subsequent search and seizure of the contents of the plate exceeded his consent and that once the plate was moved, the officer could not search for or seize the drugs on it.

Campbell's consent is evidenced by his invitation to the officers to come to the scene to assist him, his invitation to the officers to enter his home to investigate the shooting and look for the shooter, and his agreement when the officers continued to ask him for his consent to search and to be in the home.

While Campbell correctly cites *State v. Schweich*, 414 N.W.2d 227, 230 (Minn.App. 1987), for the proposition that a limited voluntary consent does not authorize "indiscriminate rummagings" into a person's possessions, *Schweich* is clearly distinguishable because it was not based on a plain view exception and the extension of that search was subterfuge. There is no indication here that the officer was indiscriminately rummaging. To the contrary, the record reveals that the officer and his partner looked for evidence of the shooting and the plate containing drugs seen minutes before. The officer's earlier plain view observation provided particularity to the search and seizure similar to that required by a search warrant. Plain view provided independent authority, in addition to the consent to search previously given by Campbell. A different result may have been reached had the officer been searching for an item that he did not observe in plain view minutes earlier.

The record also reveals that there was a bullet hole in the room where the plate of drugs was found, which provided grounds for the officer to enter that room to investigate the shooting. Inside the room, he saw the plate in plain view. Furthermore, because the evidence in question could be easily disposed of, the officer was justified in searching for the drugs he observed in plain view only minutes before.

### DECISION

We affirm the district court's denial of the motion to suppress and appellant's conviction.

**Affirmed.**