George Franklin **HARLESS**, Appellee,

v.

**John W. TURNER**, Warden, Utah State Prison, Appellant.

No. 515–70.

United States Court of Appeals,
Tenth Circuit.

April 5, 1972.

Lauren N. Beasley, Chief Asst. Atty. Gen. (Vernon B. Romney, Atty. Gen., with him on the brief), for appellant.

William F. Reynard, Denver, Colo. (Lon Rodney Kump, of Richards & Watkins, Salt Lake City, Utah, on the brief), for appellee.

Before SETH, McWILLIAMS and DOYLE, Circuit Judges.

PER CURIAM.

The above case was remanded to this Court for reconsideration of its decision which had reversed the judgment of the United States District Court for the District of Utah.

The action in the trial court was pursuant to 28 U.S.C. § 2254. Petitioner, who had been convicted of forcible rape in state court, had collaterally attacked his conviction on the ground that there had been an unreasonable search of his

automobile which had yielded incriminating underclothing of the victim. The trial court ordered the petitioner-appellee discharged, basing its ruling on the proposition that any consent to the search by the accused had been given following what the court considered to have been an inadequate and insufficient *Miranda* warning.

This court reversed the judgment of the trial court holding that there was probable cause for the search. The Supreme Court, 404 U.S. 932, 92 S.Ct. 300, 30 L.Ed.2d 245, vacated this court's judgment and remanded the cause for reconsideration of the decision in light of the Supreme Court's later decision in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

█ We have in accordance with the Supreme Court's mandate considered the Court's decision in Coolidge v. New Hampshire and have reconsidered our prior holding that the warrantless search was valid. We acknowledge that the search in question being warrantless and not incident to the arrest was invalid and void under the standard set forth in Coolidge v. New Hampshire.

█ There remains the matter which was mentioned but not decided in our former opinion and that is whether the defendant consented to the search of his car. On this we hold that there was not an effective consent.

Evidence was offered at the habeas corpus hearing as to the circumstances which led to the obtaining of the "consent" in the search of the car. The trial court did not specifically find on this subject. However, the tenor of the judge's remarks discounted the consent predicated on the coercive circumstances. The judge held, for example, that the *Miranda* warning was not adequate in that it did not clearly advise the defendant that his right to counsel was absolute. However, the sufficiency of the *Miranda* warning is not the controlling factor in our decision since we are not here concerned with a confession or admission, but rather with the validity of a search.

The facts are important. The officers, four or five in number, went to the home of the defendant at 1:45 in the morning. Two of the officers entered the house and routed the defendant and his wife out of bed. They then directed the wife to leave the room and questioned the defendant about an alleged rape. The testimony as to consent was that the defendant was asked on the way out to the car whether he would consent to their searching the car and he agreed.

█ It is plain that the search was not incident to an arrest, and there was not the necessity for immediate search without a warrant for the purpose of obtaining a secreted weapon. Nor does the case fall within Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), on the theory that the automobile was an instrumentality of the crime, and there were no exigent circumstances calling for immediate search in order to avoid removal of the vehicle and of the evidence. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). *Coolidge* makes it clear that the warrantless search is the exception rather than the rule and that these exceptions are jealously guarded. Furthermore, it is said in *Coolidge* that the burden is on those seeking exemption to show the need for it.

The record in the present case does not justify a holding that there was consent. The evidence at the hearing and the trial court's reaction to it require a holding that the authorities here did not sustain their burden of proof. First, the evidence was disputed as to whether a consent was given. Apart from this, however, the background circumstances, such as the middle of the night invasion of the defendant's home and the coercion necessarily flowing from the presence of a number of sheriff's officers, show clearly that there was not present the clear and unequivocal consent that would

be necessary in order to uphold the position of the Utah authorities.

In Villano v. United States, 310 F.2d 680 (10th Cir. 1962), a similar fact situation was present, that is, the defendant's home was invaded in the early hours of the morning. This was followed by search of a nearby place of business with the consent of the defendant. Despite the fact that the trial court in that case had found that consent had been given, this court reversed the holding. Referring to the decision of the Ninth Circuit in United States v. Page, 302 F.2d 81 (9th Cir. 1962), it was said:

> Each of these rules seems particularly applicable to the case at bar. The incident began with a violent interruption of appellant's privacy at his home at an unnatural hour and without semblance of lawful authority, continued through an unlawful search at those premises to an entry of the store made under the shadow of the badge and threat of force, and was modified only by evidence that appellant had been in trouble before, his ambiguous gesture of opening two of the desk drawers and the self-competitive testimony of the officer as to appellant's statements made at the critical moment preceding probable discovery. We think the uncontradicted evidence, considered with that most favorable to the government where conflict exists, shows a mal-conceived plan of authority carried to a prohibited conclusion. And certain it is that an unlawful search, conceived in evil, is not baptized in maturity by success of search. Gallegos v. United States, 10 Cir., 237 F.2d 694. We hold that the government did not meet its burden of showing a free and specific consent to the search and that the trial court's finding in this regard is clearly erroneous. 310 F.2d at 684.

We conclude that there was not a legally effective consent and, therefore, that the judgment of the district court should be and the same is hereby affirmed.

We note from the record that the defendant is presently free on bond. This was fixed following the remand from the Supreme Court. We wish to make clear that the defendant is subject to retrial by the State of Utah if the authorities elect to proceed further in the case, and the defendant is subject to the processes of Utah for this purpose. In any subsequent proceedings, of course, the evidence obtained as a result of the unlawful search of the defendant's car must be suppressed.

The judgment of the District Court granting the writ is affirmed.