**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4884**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD J. RIZZI,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:04-cr-00425-JFM)

─────────────

Submitted: February 7, 2007          Decided: March 12, 2007

─────────────

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Martin G. Bahl, Staff Attorney, Joanna Silver, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard J. Rizzi was convicted after a guilty plea to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to twelve months and one day in prison. On appeal, Rizzi asserts the district court erred in denying his motion to suppress because the execution of the search warrant by law enforcement was unreasonable under the Fourth Amendment based on the totality of the circumstances. Specifically, Rizzi asserts that because (I) there was no good reason to execute the search warrant at night; (ii) the police failed to comply with the "knock and announce" requirement of the Fourth Amendment; and (iii) there were more than twenty officers present to execute the warrant, the execution of the warrant violated the Fourth Amendment.* Finding no error, we affirm.

We review a district court's factual findings underlying a motion to suppress ruling for clear error and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Bush, 404 F.3d 263, 275 (4th Cir.), cert. denied, 126 S. Ct. 289 (2005). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. See United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

---

*Rizzi's guilty plea reserved his right to challenge on appeal the district court's denial of his motion to suppress.

- 2 -

The lawfulness of an entry by state officers executing a search warrant is determined by reference to the Fourth Amendment reasonableness standard. See Mensh v. Dyer, 956 F.2d 36, 40 (4th Cir. 1991). To be constitutional, a search made pursuant to a search warrant must be "reasonable." See Vernonia Sch. Dist. v. Acton, 515 U.S. 646, 653 (1995). When law enforcement officials are searching for evidence of a crime, reasonableness requires probable cause and a warrant unless one of the exceptions to the warrant requirement applies. See Katz v. United States, 389 U.S. 347, 357 (1967) (calling "per se unreasonable" any search conducted without a warrant issued by a judge or magistrate pursuant to a showing of probable cause and in the absence of an exception). Whether a particular search meets the reasonableness standard "is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 619 (1989) (internal quotations omitted).

We have previously held in a prior appeal in this very case that a search warrant executed at night pursuant to § 879 need only be supported by probable cause. See United States v. Rizzi, 434 F.3d 669, 674 (4th Cir. 2006). Rizzi does not assert the search warrant of his home was not supported by probable cause. Accordingly, we conclude that Rizzi's argument the police needed a

"good reason" to execute the search warrant at 4:30 a.m. is meritless.

Rizzi correctly asserts that the reasonableness inquiry under the Fourth Amendment includes the common law principle that law enforcement officers should knock and announce their presence and then wait a reasonable period of time before entering a residence. See Wilson v. Arkansas, 514 U.S. 927, 931-34 (1995); Gould v. Davis, 165 F.3d 265, 270 (4th Cir. 1998). Although this requirement protects an individual's interest in avoiding the destruction of property that may be caused by a forcible entry and his interest in being able to prepare himself for an entry by law enforcement officers, see Richards v. Wisconsin, 520 U.S. 385, 393 n.5 (1997), the requirement must also take into consideration that law enforcement officers who suspect imminent loss of evidence must be able to enter a home before contraband may be discarded. See United States v. Banks, 540 U.S. 31, 38 (2003). It was for this reason that the Supreme Court in Banks held that a fifteen to twenty second wait by police after announcing their presence was sufficient time before entering. Id. ("[W]e think that after 15 or 20 seconds without a response, police could fairly suspect that cocaine would be gone if they were reticent any longer.").

The fact that the search warrant was executed at night while Rizzi was asleep does not, as Rizzi suggests, make the period of time waited by police unreasonable. It is not the amount of

time it takes for an occupant of a dwelling to reach the door, but the exigency of the search that is relevant. See Banks, 540 U.S. at 40 ("[T]he crucial fact in examining [police] actions is not time to reach the door but the particular exigency claimed. On the record here, what matters is the opportunity to get rid of cocaine, which a prudent dealer will keep near a commode or kitchen sink."). Accordingly, we conclude the mere fact the search warrant was executed at night did not make the fifteen to twenty second wait by police violative of the Fourth Amendment.

We also conclude that Rizzi's argument regarding the many police officers involved in the warrant's execution is similarly unavailing. While it is true there were approximately twenty-four officers involved in the execution of the warrant, Rizzi asserts no judicial authority for the proposition that a nighttime search may become invalid if too many police officers take part in its execution. Moreover, there is no assertion by Rizzi that police coerced or intimidated him into making a statement regarding the location of guns in his basement. Accordingly, the cases cited by Rizzi regarding coercive conduct by police during warrantless searches are inapposite. See United States v. Jones, 641 F.2d 425, 428-30 (6th Cir. 1981) (finding search of home invalid because it was conducted at night pursuant to an arrest warrant for defendant who was not at the home searched and entry was made with an extreme showing of force); Harless v. Turner, 456 F.2d 1337, 1338-39 (10th

Cir. 1972) (finding search of vehicle invalid because it was warrantless and permission was obtained by four or five officers in the middle of the night after waking the defendant from his sleep).

Finally, the record reveals that not all twenty-four officers were involved in the execution of the warrant at any one time. Rather, entry into Rizzi's residence was secured by ten to twelve SWAT team members, and the remaining twelve to fourteen officers entered the residence after it was secured and the SWAT team members left the residence. Accordingly, we conclude the mere fact that twenty-four officers took part in the execution of the warrant did not render its execution unreasonable under the Fourth Amendment. Based on the foregoing, we conclude the district court correctly denied Rizzi's motion to suppress and his motion for reconsideration of the denial.

Accordingly, we affirm Rizzi's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>