Trooper Hassett then conducted the search of the car. First, he saw the bags on the seat in plain sight containing a flashlight that would attach to a pistol. Tr. 49:16-18. He secured the flashlight. Id. at 52:19-53:3. He became reasonably concerned that there might be a weapon in the vehicle. Id. He found the loaded Glock pistol under the passenger's seat.
A further search of the vehicle after police towed it and it was in the custody of the police, uncovered a dozen firearms, hundreds of rounds of ammunition, smoke grenades, and drugs, including marijuana and ecstasy. Id. at 66:5-13; see Gov't Ex. 1.
Trooper Hassett's consensual search of the glove box led to a plain sight viewing of a weapon apparatus, leading him to probable cause to search the remainder of the car. The inventory search once the police towed and impounded the car was also constitutionally permissible. Colorado v. Bertine , 479 U.S. 367, 372, 107 S.Ct. 738, 93 L.Ed.2d 739, (1987) ("inventory procedures serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger. In light of these strong governmental interests and the diminished expectation of privacy in an automobile, we upheld the search. In reaching this decision, we observed that our cases accorded deference to police caretaking procedures designed to secure and protect vehicles and their contents within police custody.") (citing Cooper v. California , 386 U.S. 58, 61-62, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967) ; Harris v. United States , 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) ; Cady v. Dombrowski , 413 U.S. 433, 447-448, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).
III. CONCLUSION
State police lawfully stopped Mr. Thompson. The stop was not unreasonably prolonged by the trooper's routine background computer check on Mr. Thompson. Discovering that Mr. Thompson had lied about his extensive violent criminal history, the troopers appropriately questioned him further. Once Mr. Thompson ran, the officer's search of the vehicle was appropriate. For all these reasons, the Court DENIES Mr. Thompson's Motion to Suppress. ECF No. 24.
IT IS SO ORDERED.